The Chicago, St. Louis and Pittsburgh Railroad Company v. Barnes.

sufficiently definite, and should have defined "what degree of care was necessary for the defendants to exercise in the driving of cattle," etc. As in the other instance, if the appellants desired more definite and comprehensive instructions upon this subject, it was the duty of counsel to prepare and submit them to the court. The instruction is a correct statement of the law.

These remarks apply also to instructions Nos. 6 and 7, which are objected to, and criticised, for very similar reasons.

We have carefully examined all the questions made for our consideration, and have not been able to discover any substantial error.

Judgment affirmed.

Filed June 26, 1891.

<hr>

No. 170.

## The Chicago, St. Louis and Pittsburgh Railroad Company v. Barnes.

PLEADING.—*Negligence.*—An allegation in a pleading that the party complained against negligently committed the particular act, or negligently omitted to do a particular thing, which led to the injury for which redress is sought, is sufficient without pleading all the facts and circumstances from which negligence could be inferred.

NEGLIGENCE.—*Railroad.—Fire From.—Contributory Negligence.—Pleading.* —In an action against a railroad company for injuries occasioned by its negligently permitting fire to escape from its right of way to plaintiff's land, the complaint need not allege what precaution was taken by the plaintiff to avoid the injuries, but it is sufficient to aver that the plaintiff was without fault.

SAME.—*Injury to Stock.—Proximate Cause of.*—Where fire is negligently permitted to escape from the right of way of a railroad, and it spreads over the land of an adjacent owner, and his cattle, pasturing thereon, wander into the fire, the railroad company is liable for the resulting injury. In such case the escape of the fire is the proximate cause of the injury.

The Chicago, St. Louis and Pittsburgh Railroad Company *v.* Barnes.

PRACTICE.—*Venire de Novo.*—*Motion for.*—*When Sustained.*—A motion for a *venire de novo* will not be sustained unless the verdict or finding is so defective and uncertain upon its face that no judgment can be rendered upon it.

SAME.—*Special Finding.*—*Facts not Found.*—*New Trial.*—*Motion for Judgment.*—If all the facts are not found, or if facts are stated in the special finding which were not proven, the remedy is by a motion for a new trial. But if a party deems himself entitled to judgment upon the facts as found, the appropriate procedure is to move for judgment, and if unsuccessful save the question by an exception.

DAMAGES.—*Interest.*—*When Jury May Add.*—Where, in an action of tort, damages not exemplary are found to be due the plaintiff, the jury trying the cause may, in its discretion, add interest to the sum which it finds to represent the loss, and unless the addition of interest would increase the damages so much as to be clearly unjust, an objection to its allowance will not be allowed to prevail.

From the Lake Circuit Court.

*N. O. Ross* and *G. E. Ross*, for appellant.

*E. D. Crumpacker* and *S. C. Spencer*, for appellee.

NEW, C. J.—The complaint of the appellee is in two paragraphs, to recover damages occasioned by fire set out by the appellant on its right of way, and alleged to have escaped upon the land of the appellee, without his fault, and through the negligence of the appellant.

Omitting introductory matter and the description of the real estate, the complaint, in substance, is as follows:

*First Paragraph.* During the month of July, 1887, the defendant negligently permitted large quantities of hay, dry grass, weeds, and other combustible material to accumulate and remain upon its right of way through and adjoining the plaintiff's said land. In said month the defendant's servants set fire to said hay, dry grass, and other combustible material, and negligently permitted said fire to escape from said right of way, without any fault on the part of the plaintiff, and negligently permitted said fire to enter upon the plaintiff's said real estate, where it spread and run over about six acres of his said land, destroyed the crops and pasture thereon, and burned and destroyed the weeds and peat soil

thereon to the depth of three feet, rendering said land miry and worthless; that plaintiff had cattle pasturing upon said land, so burning, and the feet and legs of ten head of said cattle were so burned and injured that they were damaged to the amount of one hundred dollars; that said fire burned clear across plaintiff's said real estate, between a stream of living water and a large pasture field, and when it was so burned over said land became, and is so soft and miry that stock can not cross it, and plaintiff is thereby deprived of said stream of stock-water to his damage of two hundred dollars, all of which happened and occurred without any fault or negligence on the part of the plaintiff; that by reason of the injuries mentioned, he has been damaged in the sum of $700, for which he demands judgment.

*Second Paragraph.* During the months of August and September, 1888, the defendant negligently permitted large quantities of dry grass, weeds, rubbish, and other combustible matter, to accumulate and remain upon its right of way, through and adjoining the plaintiff's land. In said month of September the defendant's servants negligently set fire to said dry grass, rubbish, and other combustible material, without any fault on the part of the plaintiff, and negligently allowed said fire to escape from said right of way, and enter upon the plaintiff's said land and burn over ten acres of the same; that said fire burned the crops, turf, and muck soil off of two acres of said land, rendering the same soft, miry, and valueless, to the plaintiff's damage of one hundred dollars.

The answer is a general denial. There was a trial by jury, with special verdict returned at the request of the appellant. There was judgment on the special verdict, in favor of the appellee, for $277.41.

Numerous errors are assigned. We will notice those only which are discussed by counsel for the appellant. All others are waived.

The court did not err in overruling the motion to make

the complaint more specific. The motion was that the appellee be required to more specifically state, in both paragraphs of his complaint, the acts of negligence imputed to the appellant, and that he be also required to state more specifically in the first paragraph, the precaution taken by him to avoid the injuries complained of.

Negligence may consist in the neglect of some duty imposed by law as well as the careless or negligent performance of some obligation imposed by law, or contract. If the neglect be the proximate cause of the injury, it is of no consequence whether it be by way of omission or commission.

It is alleged in each paragraph of the complaint that the appellant negligently suffered the fire to escape from its right of way on to the lands of the appellee. This the appellant could have allowed, or permitted, without the doing of any positive act after setting out the fire in the first instance. There can be no presumption that the appellant did any overt, or affirmative act, in the way of promoting the escape of the fire.

The allegation in a pleading that the party complained against negligently committed the particular act, or negligently omitted to do a particular thing, which led to the injury for which redress is sought, furnishes the predicate for the proof of such incidental facts and circumstances as fairly tend to establish the negligence of the primary fact complained of. This rule is abundantly established by authority. *Ware* v. *Gay*, 11 Pick. 106 ; *Indianapolis, etc., R. R. Co.* v. *Keely*, 23 Ind. 133 ; *Davis* v. *Guarnieri*, 45 Ohio St. 470 ; *Meek* v. *Pennsylvania Co.* 38 Ohio St. 632 ; *Clark* v. *Chicago, etc., R. W. Co.*, 15 Fed. Rep. 588 ; *McCauley* v. *Davidson*, 10 Minn. 418 ; *Grinde* v. *M., etc., R. R. Co.*, 42 Iowa, 376.

To plead specially all the facts and circumstances from which negligence could be inferred, would frequently be to plead evidence instead of facts.

Upon the other branch of the motion, it is sufficient to say

that the appellee may have been without fault or contributory negligence, even if he did nothing by way of precaution to prevent the escape, or spreading, of the fire. The circumstances may have been such as to impose no duty upon the appellee in that regard. There can be no presumption that the situation was such as to require of the appellee some effort to prevent the escape and spreading of the fire.

It is averred in both paragraphs of the complaint that the appellee was without fault. This can not be said to be a mere conclusion of law. It is the statement of an ultimate pleadable fact, the same as an allegation of negligence as applied to the conduct of a party. *Rolset* v. *Smith*, 38 Minn. 14; *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196.

There was no error committed in overruling the demurrers to the complaint. Each paragraph states a good cause of action.

We do not deem it necessary to occupy much time in speaking of the complaint. A reference to the decided cases in this State will show that each paragraph embraces the averments which have been held to be requisite in that class of cases. *Louisville, etc., R. W. Co.* v. *Ehlert*, 87 Ind. 339; *Indiana, etc., R. W. Co.* v. *McBroom*, 91 Ind. 111; *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 79 Ind. 111.

The only objection pointed out by counsel for the appellant to the first paragraph of the complaint is, that it is not alleged that the real estate and cattle were injured without the fault of the appellee. We do not so read and construe the paragraph. In an appropriate place we find the following words: " All of which happened and occurred without fault or negligence on the part of the plaintiff."

We think it very clear, from the structure of the paragraph, that the words quoted relate to and embrace the injuries complained of by the appellee, as well as the alleged negligence of the appellant in permitting the fire to escape from its right of way to the property of the appellee.

The criticism made upon the second paragraph of the com-

plaint is that it can not fairly be inferred from the language employed that the two acres of land alleged to have been burned over and rendered valueless, is the same two acres upon which the fire is alleged to have entered. We think it is not a strained construction to hold that the two acres are the same in each instance ; and, if so, it follows that the paragraph sufficiently avers that said two acres were injured without the fault of the appellee, as well as that the fire escaped thereto without his fault.

The overruling of the appellant's motion for a *venire de novo* was not error.

The finding is not defective or uncertain as to the facts specially found. If all the facts were not found, or if facts are stated in the special finding which were not proven, the remedy would be by a motion for a new trial. *Bartley* v. *Phillips*, 114 Ind. 189.

Or if a party deems himself entitled to judgment upon the facts as found, the appropriate procedure would be to move for judgment, and, if unsuccessful, save the question by an exception. *Dixon* v. *Duke,* 85 Ind. 434 ; *Austin* v. *Earhart,* 88 Ind. 182 ; *Johnson* v. *Culver,* 116 Ind. 278.

A motion for a *venire de novo* will not be sustained unless the verdict, or finding, is so defective and uncertain upon its face that no judgment can be rendered upon it. *Bartley* v. *Phillips, supra ; Bowen* v. *Swander,* 121 Ind. 164 ; *Hamilton* v. *Byram,* 122 Ind. 283 ; *Mitchell* v. *Friedley,* 126 Ind. 545.

The appellant moved for a new trial, assigning as reasons therefor that certain evidence was improperly admitted ; that the verdict of the jury was not sustained by sufficient evidence ; was contrary to law, and that the damages assessed were excessive.

The evidence objected to was that of the appellee, who, over the appellant's objection, was permitted to testify in relation to the injury sustained by his ten head of cattle which were pasturing upon the appellant's land, and were injured

by the fire, as complained of in the first paragraph of the complaint.

The contention of the appellant upon this point is that the injury to the cattle was not the direct, or natural, result of the escape of the fire from the appellant's right of way ; that but for the intervention of another agency, to wit: the act of the cattle in walking into the fire, they would not have been injured.

In our opinion it can not be said that there was any intervening negligence, or intervening independent cause, operating between the escape of the fire and the injury to the cattle.

We think it appears from the averments in this paragraph of the complaint that the injury to the feet and legs of the cattle was a proximate result of the escape of the fire from the appellant's right of way. It is averred that the cattle were being pastured by the appellee on the land to which the fire escaped, and which it burned over and into, as described ; that the cattle wandered upon the part of the land so burning, and were thereby so burned and injured as to be damaged to the amount of one hundred dollars.

The testimony given by the appellee, and objected to by the appellant, was to sustain this part of the complaint. We think it was properly admitted.

The appellee, in pasturing his cattle upon his own land, was in the lawful enjoyment of a right which belonged to him the same as if the cattle had been butchered and stored in a building which might have been consumed by the same fire. If buildings, farming implements, stacks of hay, growing or garnered grain, had been destroyed by the fire complained of, it could not be said that the escape of the fire was not the proximate cause of the injury and loss. The cattle were not reasoning beings ; they were where their owner, the appellee, had rightfully placed them, and it can not matter whether they were overtaken by the fire, or, while pasturing, wandered into it.

Where parties, in the use and management of their own property, so use it that injury, in the ordinary course of things, may fairly be expected to result to others in the enjoyment of their own estates, or in the exercise of their own lawful rights, inasmuch as such use is wrongful, if injury does thus result, it may properly be said to have occurred by their negligence.

The evident weight of authority is that one who violates a duty which he owes to another, or commits a tortious, or wrongfully negligent act, is liable not only for those injuries which are the direct and immediate consequences of his act, but for such consequential injuries as, according to common experience, are likely to, and in fact do, result from his act.

So that, even if the wandering of the cattle into the fire, could be treated as the intervention of another and new cause, a recovery for their injury would not thereby be precluded, if the injury was the natural and probable result of the original wrong. *Billman* v. *Indianapolis, etc., R. R. Co.,* 76 Ind. 166 ; *Binford* v. *Johnston,* 82 Ind. 426 ; *Dunlap* v. *Wagner,* 85 Ind. 529 ; *Louisville, etc., R. W. Co.* v. *Krinning,* 87 Ind. 351 ; *Terre Haute, etc., R. R. Co.* v. *Buck,* 96 Ind. 346 ; *Louisville, etc., R. W. Co.* v. *Nitsche,* 126 Ind. 229. See, also, case of *Brummit* v. *Furness,* 1 Ind. App. 401.

In the case of *Baltimore, etc., R. R. Co.* v. *Reaney,* 42 Md. 117, in a well-considered opinion, which has been cited with approval by the Supreme Court of this State, it is said : " The law is a practical science, and courts do not indulge refinements and subtleties, as to causation, that would defeat the claims of natural justice. They rather adopt the practical rule, that the efficient and predominating cause, in producing a given event or effect, though there may be subordinate and dependent causes in operation, must be looked to in determining the rights and liabilities of the parties concerned."

It was not necessary that injury in the precise form in which it, in fact, resulted, should have been foreseen, or anticipated,

when the fire was set out and permitted to escape. It is enough that the resulting injury now appears to have been a natural, or probable, consequence. *Billman* v. *Indianapolis, etc., R. W. Co., supra; Lane* v. *Atlantic Works,* 111 Mass. 136 ; *Dunlap* v. *Wagner, supra.*

We have been at pains to carefully examine the evidence, and think that it fairly supports the facts found by the special verdict. The facts as found cover the issues in the case, and justified the court below in rendering judgment for the appellee.

The last reason assigned for a new trial is that the damages are excessive.

The jury found that the appellee's land was injured in the sum of $165, and his cattle to the amount of $100, fixing the total sum at $277.41. Counsel for the appellant contend that from these figures it is made to appear that the total damages found are excessive in the sum of $12.41.

Where, in an action of tort, damages not exemplary are found to be due the plaintiff, the jury trying the cause may, in its discretion, add interest to the sum which it finds, to represent the loss ; and, unless the addition of interest would increase the damages so much as to be clearly unjust, an objection to its allowance will not be allowed to prevail. *Pittsburgh, etc., R. W. Co.* v. *Swinney,* 97 Ind. 586; *Frazer* v. *Bigelow Carpet Co.,* 141 Mass. 126 ; *Kendrick* v. *Towle,* 60 Mich. 363 ; *Arpin* v. *Burch,* 68 Wis. 619 ; *Bates* v. *St. Johnsbury, etc., R. R. Co.,* 32 Fed. Rep. 628.

We think the presumption should be that the excess referred to was allowed, and added by the jury as interest.

The judgment is affirmed, with costs.

CRUMPACKER, J., took no part in the decision of this case.

Filed Sept. 15, 1891.