Filed February 17, 1893.

---

No. 702.

## CHICAGO & ERIE RAILROAD COMPANY *v.* SMITH.

DEMURRER.—*Joint Demurrer.*—*Joint Assignment of Error.*— *When Each Must Fail.*—If either of the paragraphs of a pleading covered by a joint demurrer is sufficient the demurrer must fail, and the same principle applies to a joint assignment of error.

PLEADING —*Negligence.*—*Gravamen of Action.*—*Railroad.*—*Allowing Fire to Escape.*—*Sufficiency of Complaint.*—In an action against a railroad company for damages for negligently allowing fire to escape from one of its engines and right of way, to the premises of the plaintiff, the complaint is sufficient which alleges in substance, among other things, that the defendant negligently and carelessly suffered coals and sparks of fire to escape from its locomotive engine, which set fire to dry grass, weeds, stubble and rubbish, which the defendant negligently suffered to gather and remain on its road and right of way adjoining plaintiff's land, and, spreading to said land, burned his fences, grass, corn, and the soil of the land to a depth of from one to three feet, without the fault of the plaintiff; and the proof of the burning of any of the articles enumerated will entitle the plaintiff to a recovery.

SAME.—*Contributory Negligence.*—*General Allegation Against.*— *When Sufficient.* —In an action for damages, the general allegation of freedom from con-

tributory negligence is sufficient, unless the fact of contributory negligence appears from the facts pleaded.

JUDGMENT.—*On Interrogatories Notwithstanding General Verdict.*—Before a judgment should be rendered on answers to interrogatories notwithstanding the general verdict, there should be an irreconcilable antagonism between the two.

CONTRIBUTORY NEGLIGENCE. — *Ordinary Care.* — *Railroad Engines.* — The owner of land is not bound to use unusual precautionary measures to protect himself or his property from injury at the hands of those who operate dangerous fire-engines across or near his premises.

DAMAGES.—*Measure of to Land Affected by Fire.*—*Evidence as to Value.*—In recovering damages to land by reason of fire, the measure of damages is the difference in the value of the land before and after the burning; and, in such a case, evidence as to what adjoining land has sold for is incompetent; and opinion evidence as to the difference in the value of the land is competent; but the assessor's return of appraisement of said land for taxation is not competent evidence.

JUDICIAL KNOWLEDGE.—*Assessment of Land.*—The court takes judicial knowledge that the owners of land do not fix the value of the same for assessment.

From the Wells Circuit Court.

*Otto Gresham* and *A. S. Sharpe*, for appellant.
*A. N. Martin* and *E. C. Vaughn*, for appellee.

REINHARD, C. J.—This was an action by the appellee against the appellant, for damages on account of fire escaping from a locomotive engine on the appellant's railroad running through the appellee's land.

The first error assigned is the overruling of the appellant's demurrer to the complaint. The complaint is in two paragraphs. The demurrer is joint and so is the assignment of error. If either paragraph was sufficient, therefore, the ruling must be upheld. *Ketcham* v. *Barbour, Exec.*, 102 Ind. 576; *State, ex rel.*, v. *Faurote*, 104 Ind. 287; *Redelsheimer, Exec.*, v. *Miller*, 107 Ind. 485.

Assuming, however, that the paragraphs have been separately assailed, we are of the opinion that each states a good cause of action.

The first paragraph charges that the appellant carelessly and negligently suffered coals and sparks of fire to escape

from its locomotive engine, which set fire to dry grass, weeds, stubble, rubbish, and the combustibles which appellant negligently suffered and permitted to gather, accumulate, and remain on its road and right of way, and along its track near to and adjoining appellee's lands, and, spreading to said lands, burned his fences, grass, corn, and the soil of said land to the depth of from one to three feet, all without the contributory fault of the appellee.

No particular objection is pointed out to this paragraph, except that the *gravamen* of the action is the burning of the fences, corn crops, grass, etc., and not the injury to the soil, and that something more was necessary to show that appellee was free from negligence. We do not regard the burning of the articles named as being the *gravamen* of the action any more than the burning of the soil. They are all placed by the pleader, in the same category, as the results of one transaction. Why the allegation of burning the soil should not have the same force and prominence in the construction of the complaint as that of the burning of the fences, grass, etc., is not easy to perceive. The pleader had a right to charge the burning of numerous objects, and if the burning of but one is proved, the complaint is in this respect sufficiently sustained by the proof to entitle him to recover. The paragraph charges clearly enough that the appellee was free from fault. *Indiana, etc., R. W. Co.* v. *Overman*, 110 Ind. 538.

The second paragraph does not differ materially from the first, except that it also contains an averment that the fire continued to burn in the soil for the period of one month. It is claimed for appellant that "the appellee's land being of such a nature that it would burn," some special allegation should have been made in the complaint showing the appellee's prudence and care in guarding against fires. We think, however, that the general averment of freedom from negligence, on the part of appellee, was sufficient.

The general allegation that the appellee was without fault will suffice, unless it appears from the facts stated that he was guilty of negligence. *Toledo, etc., R. W. Co.* v. *Brannagan, Admx.*, 75 Ind. 490; *Chicago, etc., R. R. Co.* v. *Barnes*, 2 Ind. App. 213.

The next error assigned is the overruling of appellant's motion for judgment on the answer of the jury to the interrogatories, and the subsequent error assigned is the sustaining of appellee's motion for judgment on the answers to interrogatories. Without noticing the appellee's objection that these alleged errors are not properly presented, we have examined the question, and have arrived at the conclusion that there was no substantial conflict between the interrogatories and the general verdict. There must, however, be an irreconcilable antagonism between the two before the general verdict will be controlled by the answers to interrogatories. *Byram* v. *Galbraith*, 75 Ind. 134; *Ft. Wayne, etc., R. W. Co.* v. *Beyerle*, 110 Ind. 100; *Kirkpatrick* v. *Reeves*, 121 Ind. 280.

Appellant's counsel say that in the answer to the 12th interrogatory the jury found that the appellee's lands were prairie or swamp lands, and were grown up with weeds and bushes up to the line of the appellant's right of way, and that, in its answer to the 14th interrogatory, the jury stated that the appellant's lands that were burned were wild, uncultivated lands, commonly known as made earth or bog prairie, and of a combustible nature when very dry, and these answers conclusively show that there was no corn or grass upon the appellee's lands as alleged in the complaint. Conceding this to be true, it does not follow that appellee could not recover. The corn and grass were not the only things charged to have been burned.

Appellant's counsel further insist that these answers show a want of due care on the part of appellee, he having failed to cut out a strip of land immediately adjoining the right of way, and the land being shown by the answers to

the interrogatories to be boggy and filled with roots, and such as would require unusual precaution to prevent fire from spreading over it. It is urged that the appellee's failure to take this precaution was conclusive proof of contributory fault on his part.

In this view we are unable to concur. The owner of land is not bound to employ unusual precautionary measures to protect himself or his property from injury at the hands of those who operate dangerous fire-engines across or near to his premises. · It is for the owners of such dangerous engines or machines to adopt the necessary measures of precaution, and the failure of the land owner to do so can not be called negligence on his part. It was not contributory negligence for the owner to permit dry grass and stubble on his land which would spread fires negligently set by the railroad company (*Chicago, etc., R. W. Co.* v. *Burger*, 124 Ind. 275), and it was incumbent upon the appellant, on whose right of way the fire originated, to exercise greater care and precaution in the ratio in which the risk became greater by reason of the presence of combustible material. *Collins* v. *Groseclose*, 40 Ind. 414; *Gagg* v. *Vetter*, 41 Ind. 228; *Louisville, etc., R. W. Co.* v. *Nitsche*, 126 Ind. 229; *Brummit* v. *Furness*, 1 Ind. App. 401.

The overruling of the motion for a new trial is assigned as error. It is claimed that the damages are excessive. The jury had evidence from which it was justified in placing the injury as high as, or higher than, it was placed by the verdict.

The measure of damages as given by the court to the jury was the difference in the value of the land before and after the burning. This was correct, and the evidence fairly tends to sustain the verdict upon this point. We have no means of knowing the value of the land other than the estimate placed upon it by the witnesses.

The appellant offered to prove by a witness that a tract of land adjoining that of appellee had been sold for $18,

per acre. This evidence was properly excluded. The question in issue was not the value of adjoining land, but the damage done to this. Such evidence might be proper on cross-examination of a witness who in chief had given his opinion as to values of the land in suit, but it is not original, substantive evidence, is a collateral matter, and not competent for the purpose for which it was offered.

Moreover the question of what a tract of land sold for is not proper evidence of its value. It may have sold for less or more than it was actually worth.

Complaint is further made that witnesses were permitted to give their opinions as to the value of the land before and after the injury. This was proper. The question of values is necessarily one of opinion. When such opinion is based upon the witnesses' knowledge of the land, and the market values of land generally in the vicinity, it is admissible as evidence. *City of Lafayette* v. *Nagle*, 113 Ind. 425; *Jones* v. *Snyder*, 117 Ind. 229.

The appellant introduced the county auditor as a witness, and sought to establish by him the value of the appellee's injured land by showing the appraisement thereof, as it appeared in the assessor's return of appraisements of lands for taxation.

The court rightly excluded the proposed testimony.

The courts know judicially that owners of land do not place the value upon the same for assessment, and the appellee could not be bound by the acts of the assessor or appraising officers. The assessor and other officials whose duty it is to appraise lands are themselves competent witnesses, and their official acts at other times and places are not evidence for the purposes for which the appraisement was here offered. See *Cincinnati, etc., R. R. Co.* v. *McDougall*, 108 Ind. 179.

We find no error.

Judgment affirmed.

Filed February 17, 1893.