Filed Mar. 17, 1894.

---

No. 1,042.

THE CHICAGO AND ERIE RAILROAD COMPANY v. KERN.

RAILROAD.—*Land Adjacent to Right of Way.*—*Precautionary Measures by Land-Owner against Fire.*—*Contributory Negligence.*—The owner of land adjacent to a railroad company's right of way is not bound to employ the unusual precautionary measure of removing dry grass and stubble on his land adjacent to the right of way, in anticipation of the fact that the railroad company may negligently set fire to inflammable material on the right of way, or that the company may negligently permit such fire to escape from the right of way onto his premises.

EVIDENCE.—*Damages.*—*Injury to Orchard by Fire.*—In an action for damages to an orchard by fire, it is competent to prove what part of the orchard, if any, bore fruit since the fire.

SAME.—*Damages.*—*Opinion, Reasons for.*—In an action for damages to land, a witness, in addition to giving his opinion as to the depreciation in value of the same, may state his reasons for such opinion.

RECOVERY.—*Damages to Both Realty and Personalty by Same Act.*—*But One Cause of Action.*—A party may recover damages to both real and personal property upon one and the same paragraph of complaint, where damages to both grew out of the same negligent act.

From the Adams Circuit Court.

*O. Gresham, J. F. Mann, R. K. Erwin, J. T. France* and *J. F. Merryman,* for appellant.

*S. Peterson* and *C. J. Lutz,* for appellee.

DAVIS, C. J.—This was an action instituted by appellee against appellant to recover damages for injuries occasioned by appellant in negligently permitting fire to escape from its right of way to appellee's land, etc.

A trial by jury resulted in a judgment in favor of appellee.

The first error discussed brings in review the action of the trial court in overruling appellant's demurrer to the first paragraph of complaint.

It is conceded that in all formal allegations the complaint is sufficient, but the contention is that in view of the allegations that there was combustible and inflammable material on appellant's right of way, which was set fire to during the month of September, and spread to the high grass in appellee's field immediately adjoining, there ought to be, in addition to the general averment that appellee was without fault, some showing as to what specific precautions the appellee took to prevent the spreading of the fire to his premises.

It is insisted, conceding it was negligence on the part of appellant to permit dry grass and other inflammable material to remain on its right of way, that it was also negligence on the part of the land-owner to permit the dry grass on his land to remain adjacent to such dry grass and inflammable material on the right of way.

We are not able to agree with counsel in their argument on these propositions. The questions urged by counsel have been, in previous decisions of the Supreme Court, and also of this court, determined adversely to appellant. *Chicago, etc., R. R. Co.* v. *Smith*, 6 Ind. App. 262, and authorities there cited.

The owner of the land, in such cases, is not bound to employ the unusual precautionary measure of removing the dry grass and stubble on his land adjacent to the right of way of the railroad, in anticipation of the fact that the railroad company may negligently set fire to the inflammable material on the right of way, or that the company may negligently permit such fire to escape from the right of way onto his premises. *Chicago, etc., R. R.*

*Co.* v. *Smith, supra; Chicago, etc., R. R. Co.* v. *Barnes,* 2 Ind. App. 213; *Pittsburgh, etc., R. W. Co.* v. *Jones,* 86 Ind. 496.

No specific objection is urged to the second paragraph of the complaint. A careful reading, however, convinces us that it states facts sufficient to withstand the demurrer.

The evidence tended to show that appellee's orchard was injured; that some of the fruit trees were killed; that the fire damaged others; and that apples were destroyed, etc.

In this connection appellee, as a witness in his own behalf, was asked to state to the jury what part of the orchard, if any, bore any fruit since the fire. There was no error in allowing the witness to answer this question. Whether the trees in the orchard, or any part of them which were injured by the fire, afterwards bore fruit, was a circumstance proper to be considered with the other evidence in determining the nature and extent of the damages thereto. The appellee was permitted to testify that his farm was worth $1,200 less after the fire than it was before the fire. This was not error. *Chicago, etc., R. R. Co.* v. *Smith, supra.*

The court, at the request of appellant, instructed the jury that the measure of damages was the market value in the orchard of the fruit destroyed by the fire, together with the difference between what appellee's farm was worth immediately before the fire occurred and the value of the farm immediately after the fire.

The jury returned a general verdict for appellee in the sum of $485, and, in answer to interrogatories propounded by appellant, the jury found that by reason of the fire his farm was worth four hundred and eighty dollars less after the fire than it was before; and that the fire destroyed fifty bushels of apples, worth ten cents a bushel. Now, in this situation of the record, it appears that ap-

pellee was permitted—after testifying, as above stated, to the value of the farm and also to the facts with reference to the injuries sustained to his property by reason of the fire—to state, over the objection of appellant, that he meant, when he testified to the depreciation in value of the farm, that he would make that difference on account of the orchard,—that is to say, in substance, that his farm, "without an orchard upon it," would be worth twelve hundred dollars less. If the witness had the right to state the difference in the value of his farm before and after the fire, we fail to see in what manner appellant was prejudiced by stating his reason for that opinion.

On cross-examination appellee was asked whether he knew, two weeks before the fire, that because of the dry grasses and weeds along the fence dividing the right of way from his orchard there was danger of the same being fired on the account of running and operating a number of trains daily over the road. The court sustained an objection to the question, and appellant insists that this ruling was error, for the reason that appellant had the right to show such knowledge on the part of appellee as tending to prove contributory negligence. If we are right in what we have heretofore said with reference to contributory negligence on the part of the land owner in such cases, there was no error in this ruling. The land owner is not in fault, because he does not remove the grass and weeds or run "a few furrows just inside the dividing line." Notwithstanding he may know there is danger of fire, he is not bound to anticipate that such fire will be negligently started or allowed to spread onto his premises by the railroad company.

If it is true, as contended by counsel for appellant, that, "cut down a few weeds, run the furrow, and then. it is almost impossible for a fire to cross it," yet it does not follow that the failure of the land owner to cut down

The Chicago and Erie Railroad Company *v.* Kern.

the weeds or run the furrow constitutes contributory negligence on the part of the land owner.

It is insisted that the first paragraph of the complaint alleges, counts upon, and seeks to recover damages to both personal and real property; that damages can not be recovered for injury to personal and real property upon one and the same paragraph of the complaint; and that the plaintiff, having proven damages to personal property, can not prove damages to real estate under that paragraph.

Conceding that the objection is properly made and presented by the record, and taking it for granted that the scope and tenor of the first paragraph of the complaint is correctly stated, we can not concur with the views of counsel on this proposition. *Chicago, etc., R. R. Co.* v. *Smith, supra.*

No authority has been cited in support of the proposition, and no reason has been stated why the appellee had not the right to charge the burning of the personal property and the injuries to the real estate, all arising out of the one act of negligence, in one paragraph of complaint, and we know of no reason, when, in such cases, he has introduced proof tending to establish the fact that personal property has been destroyed, he may not also prove the injuries to the real estate. The proof of the burning of one object certainly does not preclude him from proving, when properly alleged, damages to other objects.

The questions arising on the other alleged errors in the trial court, discussed by counsel, are all decided adversely to appellant in what we have hereinbefore said.

The instructions were, in fact, in some respects at least, more favorable to appellant than the law warrants.

On careful examination of the entire record, we find no

error that would justify the reversal of the judgment of the court below.

Judgment affirmed.

Ross, J., was absent.

Filed Feb. 1, 1894; petition for a rehearing overruled April 5, 1894.