New York, etc., Railroad Company v. Grossman.

## THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY v. GROSSMAN.

[No. 2,024.    Filed March 10, 1897.    Rehearing denied May 26, 1897.]

SPECIAL VERDICT.—*Interrogatory to Jury, When Improper.*—In an action against a railroad company for damages caused by fire escaping from defendant's right of way, an interrogatory to the jury, under the act of March 11, 1895, which asks if the fire which started in combustible materials on the right of way escaped, without fault or negligence of the plaintiff to plaintiff's land, and burned and damaged his property as described in the complaint, is improper as embracing more than a single fact and also as calling for a conclusion.  *pp. 654, 655.*

RAILROADS.— *Negligence.— Fire Escaping from Right of Way.*—A special verdict which finds that combustible materials were permitted by a railroad company to accumulate and remain upon its right of way, that it was an exceedingly dry time and there was a brisk wind blowing towards plaintiff's land from the adjoining right of way; that sparks from a passing engine set fire to the material, and the company negligently permitted it to escape to plaintiff's land and destroy his property, is sufficient to sustain a judgment for plaintiff.  *p. 655.*

SAME.—*Fire Escaping from Right of Way.—Duty of Adjoining Landowner.*—A landowner adjoining a railroad right of way who uses his premises in the ordinary and customary manner, is not guilty of contributory negligence for failing to resort to special or extraordinary precautions to prevent the destruction of his property from fire happening through the negligence of the railroad company.  *p. 656.*

From the Marshall Circuit Court.  *Affirmed.*

*M. A. O. Packard, Chas. Drummond* and *Morris, Bell, Barrett & Morris,* for appellant.

*William B. Hess,* for appellee.

ROBINSON, J.—Appellee recovered a judgment for damages resulting from fire, alleged to have been negligently started by appellant, and negligently permitted by appellant to go upon and destroy appellee's property.  The complaint was held good against a de-

murrer, and the cause was put at issue by the general denial. The jury returned a special verdict, and final judgment was rendered for appellee over appellant's motions for a *venire de novo* and for judgment in its favor.

Appellant assigns as error the overruling of the demurrer to the complaint and the motions for a *venire de novo* and for judgment.

Appellant's counsel say, in their brief, they think the complaint sufficient, and do not discuss the ruling on the demurrer.

It is insisted that the special verdict is defective in that the jury failed to find that appellee was free from fault or that appellant was guilty of any negligence. Upon these subjects the special verdict is as follows: "Int. 3. Had the defendant, by its employes, cut grass and weeds growing on its right of way north of its track adjacent and adjoining the said land of plaintiff, leaving it remain there for some days before the fire? Ans. Yes. Int. 4. Did the defendant carelessly and negligently permit and suffer dry grass and rubbish and weeds and other combustibles to accumulate and remain along and upon its rights of way adjacent and adjoining the said land of the plaintiff at the time of said fire? Ans. Yes. Int. 5. If you answer yes to the foregoing interrogatory, then did sparks escape from the defendant's locomotive engine attached to a freight train going east on its said railroad, on or about the time set forth in the plaintiff's complaint, and set fire to said dry grass, weeds, rubbish, and other combustible material? Ans. Yes. Int. 6. If you answer yes to the preceding interrogatory, did said fire, through the medium of such combustible materials, without any fault or negligence of the plaintiff, escape and run off from said defendant's right of way to the plaintiff's said land and burn and

damage and destroy his property as described in the complaint? · Ans. Yes.✔ * * * * * * * Int. 23. Did said defendant carelessly and negligently permit said fire to escape from its right of way onto the plaintiff's said land at the time mentioned in his complaint? Ans. Yes. Int. 24. Was it exceedingly dry at the time of the fire described in the complaint? Ans. Yes. Int. 25. Was there a light or brisk wind from the southwest at the time of said fire? Ans. Brisk. Int. 26. Is the plaintiff's said land on the north side of the defendant's right of way and adjacent and adjoining the defendant's right of way? Ans. Yes. Int. 27. Did the fire which plaintiff alleges destroyed the property described in the complaint start on the defendant's right of way? Ans. Yes. Int. 28. If you say yes to the preceding interrogatory, state the point on the defendant's right of way where said fire started. Ans. About two hundred feet west of plaintiff's west line. Int. 29. What started the fire on defendant's right of way? Ans. A spark from the defendant's engine. * * * * Int. 32. State specifically, if you say said fire started on the right of way, in what combustible matter said fire started. Ans. Grass and weeds. Int. 33. State specifically how said fire got onto the real estate described in the complaint. Ans. From a fire that originated on the defendant's right of way. * * * Int. 37. What was the value of the plaintiff's labor in suppressing the fire complained of in his complaint? Ans. Five dollars. * * * Int. 40. Had not defendant's right of way, where it is alleged said fire started, been cleaned off and freed from rubbish and combustible matter in the spring of that year? Ans. Yes."

It is argued that interrogatory six and the answer are vague, and that the answer is a conclusion and not a fact.

We do not think the interrogatory is a proper one under the act of 1895. It is not possible to tell whether the jury intended to say that the fire escaped from the railroad right of way onto plaintiff's land and destroyed his property, or whether it was the jury's conclusion that the fire escaped without plaintiff's fault, or whether it was their conclusion that it destroyed plaintiff's property without his fault. If the jury found, in other parts of the verdict, that the fire originated on the railroad right of way and that it escaped to appellee's land and destroyed his property, all of which they did find in answer to other interrogatories, then the only part of the question left would be the fault or negligence of appellee to which the answer is simply a conclusion. *Board, etc.,* v. *Bonebrake,* 146 Ind. 311.

The interrogatory embraces not only more than a single fact, but also calls for a conclusion, and should not have been submitted to the jury, although it is not available error.

When it is shown that combustible material, liable to be set on fire by sparks from passing locomotives, was allowed to accumulate and remain upon appellant's right of way, that it was an exceedingly dry time, that there was a "brisk wind" blowing towards appellee's land which adjoined appellant's right of way, that sparks from a passing engine set fire to such material on appellant's right of way, from which place appellant negligently permitted it to escape to appellee's land and destroyed his property; such facts show that appellant was negligent, and that such negligence was the proximate cause of the injury to the appellee. *Chicago, etc., R. W. Co.* v. *Burger,* 124 Ind. 275; *Pittsburg, etc., R. W. Co.* v. *Jones,* 86 Ind. 496.

It is argued that the verdict fails to show that the appellee did anything to prevent the burning of his

property that would establish his own freedom from fault or negligence.

In *Gulf, etc., R. W. Co.* v. *Johnson,* 54 Fed. 474, it is said: "It is very well settled that it is not contributory negligence for the occupant of land adjoining a railroad to leave it in its natural state; and a farmer using his premises in the ordinary and customary manner is not guilty of contributory negligence for failing to resort to special or extraordinary precautions to prevent the destruction of his property from fire happening through the negligence of a railroad company." See *Pittsburg, etc., R. W. Co.* v. *Jones, supra; Philadelphia, etc., R. R. Co.* v. *Hendrickson,* 80 Pa. St. 182, 21 Am. Rep. 87.

It does not appear that appellee was using his property other than in the ordinary and usual way. It was seeded to clover and grass, which had been cut, and was there in windrows. The finding shows the damage was not limited to the burning of the windrows, but also the destruction of the roots of the clover and grass. He had the right to enjoy his property in the ordinary manner. And while he was charged with the duty of saving his property from destruction if it could be saved, the law does not compel him to stand over it to protect it from the negligence of the appellant. The fact that the special verdict fails to show that appellee did anything to prevent the escape of the fire to his premises cannot be construed to be a failure to find his freedom from fault. It appears, from the special verdict, that the appellee did expend labor in suppressing the fire. It thus appears he did make an effort to save his property from destruction.

The appellee was not bound to use unusual precautionary measures to protect his property from in-

jury at the hands of appellant. *Chicago, etc., R. R. Co.* v. *Smith,* 6 Ind. App. 262.

Thus it is said in *Chicago, etc., R. R. Co.* v. *Kern,* 9 Ind. App. 505, "The owner of land, in such cases, is not bound to employ the unusual precautionary measure of removing the dry grass and stubble on his land adjacent to the right of way of the railroad, in anticipation of the fact that the railroad company may negligently set fire to the inflammable material on the right of way, or that the company may negligently permit such fire to escape from the right of way onto his premises." *Chicago, etc., R. R. Co.* v. *Barnes,* 2 Ind. App. 213.

Taking the special verdict as a whole, we think it is sufficient to sustain the judgment in appellee's favor. We find no error in the record for which the judgment should be reversed.

Judgment affirmed.