Cleveland, Cincinnati, Chicago and St. L. Ry. Co.

*v.* •

Lewis E. Stephens.

*Opinion filed June 18, 1898.*

1. Railroads—*owner of land adjoining railroad need not keep same free from combustible material.* Allowing dry grass to accumulate on land adjoining a railroad is not, under section 1 of the act relating to fires by locomotives, (Rev. Stat. 1874, p. 814,) such contributory negligence by the owner as bars his recovery for fire caused by a locomotive. (*Toledo, Wabash and Western Railway Co.* v. *Larmon,* 67 Ill. 68, and *Same* v. *Maxfield,* 72 id. 95, distinguished.)

2. Appeals and errors—*question of measure of damages must be raised below.* Alleged error concerning the measure of damages applied at trial cannot be considered by the Supreme Court where the question was not raised below.

*C., C., C. and St. L. Ry. Co.* v. *Stephens,* 74 Ill. App. 586, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Crawford county; the Hon. S. Z. Landes, Judge, presiding.

C. S. Conger, (John T. Dye, of counsel,) for appellant.

Bradbury & MacHatton, and Parker & Crowley, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This case was begun in the circuit court of Crawford county by appellee, against appellant, to recover damages alleged to have been done to his orchard, fences,

grass, etc., by fire set out by the locomotive engine of defendant. The declaration is in case, containing several counts, alleging, in substance, that the plaintiff was the owner of land abutting upon the right of way of defendant; that through the carelessness and negligence of defendant its engines threw out sparks and set fire to combustible matter on the plaintiff's land, which burned and destroyed certain property owned by and belonging to plaintiff, consisting of four hundred bearing trees, seventeen acres of clover, twenty acres of timothy, four hundred rails in fence and seventy-five loads of manure spread upon the ground. Other counts alleged that defendant suffered combustible matter to accumulate on its right of way; that fires from its engines ignited this matter and spread upon plaintiff's land, causing damage, as set forth in the preceding counts. There was a trial by jury and verdict was rendered for plaintiff for $1500, upon which judgment was entered. The defendant appealed to the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed, and it now brings the case to this court.

The appellant recognizes the rule that all controverted questions of fact have been settled adversely to it, and relies solely upon alleged errors of law in the giving and refusing of instructions upon the trial.

The court instructed the jury, at the instance of the plaintiff, that "it is no defense that plaintiff used his premises in the same manner, and used no more caution in the manner of use of his lands, than he would have done if no railroad had run through such premises." It refused to give three instructions asked by the defendant, to the effect that if the plaintiff had contributed to the injury sued for by negligently allowing dry grass to remain in his orchard he could not recover. The giving of the foregoing instruction on behalf of the plaintiff and the refusal of those asked by the defendant it is insisted was error. This contention is based upon the assumption

that it was the duty of the plaintiff to keep his premises adjoining the right of way free from combustible matter, in order that fire which might be set out by the locomotive engines of the defendant could not spread, and that if he failed to do so he could not recover any damage for injury occasioned by the spreading of such fire. The position is contrary to the plain provisions of our statute. Section 1 of the act of 1869, relating to fires caused by locomotives, (Rev. Stat. p. 814,) is as follows: "That in all actions against any person or incorporated company for the recovery of damages on account of any injury to any property, whether real or personal, occasioned by fire communicated by any locomotive engine while upon or passing along any railroad in this State, the fact that such fire was so communicated shall be taken as full *prima facie* evidence to charge with negligence the corporation or person or persons who shall, at the time of such injury by fire, be in the use and occupation of such railroad, either as owners, lessees or mortgagees, and also those who shall at such time have the care and management of such engine; and it shall not, in any case, be considered as negligence on the part of the owner or occupant of the property injured that he has used the same in the manner, or permitted the same to be used or remain in the condition, it would have been used or remained had no railroad passed through or near the property so injured, except in cases of injury to personal property which shall be at the time upon the property occupied by such railroad."

Without wholly ignoring the letter and spirit of this statute it cannot be said that the owner of land adjacent to a railroad right of way and track is bound to keep his premises free from combustible matter in order to avoid the spread of fire negligently set out by locomotive engines. Prior to the passage of this statute it had been held by a divided court that such duty was imposed upon a property owner by the law. It was evidently the pur-

pose of the legislature, in the passage of that part of the foregoing section which says, "and it shall not, in any case, be considered as negligence on the part of the owner or occupant of the property injured that he has used the same in the manner, or permitted the same to be used or remain in the condition, it would have been used or remained had no railroad passed through or near the property so injured," to change the rule theretofore announced in those cases.

The contention that the cases of *Toledo, Wabash and Western Railway Co.* v. *Larmon*, 67 Ill. 68, and *Toledo, Wabash and Western Railway Co.* v. *Maxfield*, 72 id. 95, (decided since the act of 1869,) are to the same effect as the previous decision, is a misapprehension. In the *Larmon case* the court, being then authorized to review the facts, found that the railroad company had been guilty of no negligence whatever in the equipment of its engine. On the question as to whether the engineer in charge was competent and had used proper skill and diligence in handling his engine, the evidence was conflicting, and it was held that an instruction on that branch of the case was erroneous, as making railroad companies insurers against accidents by fire. There is nothing in the decision of that case, or the one following it in 72 Ill., which attempts to discuss or decide the question of contributory negligence on the part of the property holder. The language, "the party who erects his building on or near the track knows the danger incident to the use of steam as a locomotive power, and must be held to assume some of the hazard connected with its use on these great thoroughfares," was mere argument and wholly unnecessary to the decision of the case, but it cannot be fairly contended that it means that a property owner so erecting his building assumes the hazard of the negligent or wrongful act of those using steam as a locomotive power, so that he cannot recover damages occasioned by such wrongful or negligent act.

In the absence of statutory provision, the weight of authority and sound reasoning is that a person owning lands adjoining the right of way of a railroad company "has a right to presume that the company will not be guilty of negligence, and is not bound to remove dry and combustible matter from his land in anticipation of probable negligence on the part of the company. He has a right to use his property in the ordinary and usual way, and so long as he does so he will not be deemed guilty of contributory negligence." 3 Elliott on Railroads, sec. 1238, and cases cited.

It is difficult to perceive upon what principle it can be held that one cultivating land adjoining a railroad right of way is bound to be to the expense of keeping it free from dry grass, stubble or other combustible matter. He owes no such duty to individual adjoining owners nor to the public. There can be no negligence in the failure to do that which there is no duty to do. He can only recover damages occasioned by the railroad company through its negligence. It cannot be seriously contended that he is bound to presume it will be negligent, or even if he is, that he must abandon the ordinary use of his land or expend labor and money to protect himself against such negligent act.

It is claimed that the true measure of plaintiff's damages is the difference in the value of the real estate before and after the fire, which was not applied to the case on the trial. That question was not raised in the circuit court and cannot be raised here.

Other errors assigned are properly disposed of by the Appellate Court. Its judgment will accordingly be affirmed.                    *Judgment affirmed.*