C. C. WALKER v. THE CHICAGO, ROCK ISLAND &
PACIFIC RAILWAY COMPANY.

No. 14,961.   (90 Pac. 772.)

SYLLABUS BY THE COURT.

1. RAILROADS — *Injury by Fire — Contributory Negligence.*
Farmers through whose lands a railroad is operated may
cultivate and use such lands in accordance with the methods
customary among farmers, and are not required to take un-
usual precautions against loss from fire negligently set out
by a railroad company.

2. ————— *Care Required of Owner of Land Adjacent to Right
of Way.* While an adjacent owner would not be warranted
in needlessly placing combustible property close to a rail-
road in a place of known danger contrary to common usage,
a farmer who permits dry grass or corn-stalks to remain in
a field where they were grown, as farmers usually do, is
not deemed to be negligent and should not be deprived of
redress for loss of property burned through the negligence
of the railroad company.

Error from Marion district court; OSCAR L. MOORE,
judge.   Opinion filed June 8, 1907.   Reversed.

*King & Wheeler,* for plaintiff in error.

*M. A. Low,* and *Paul E. Walker,* for defendant in
error.

The opinion of the court was delivered by

JOHNSTON, C. J.:  C. C. Walker brought an action
against the Chicago, Rock Island & Pacific Railway
Company, alleging that sparks were thrown from a
locomotive of a passing freight-train, starting a fire
on his farm which ran through his young orchard,
destroying some of the trees and damaging others.

By the testimony it appears that the railroad of the
defendant passes diagonally through plaintiff's farm.
On one side of the track plaintiff had planted several
hundred young apple trees, in the spring of 1903, and
in that year had raised a crop of corn in the same field.
The corn had been cultivated in the growing season,

but afterward crab-grass and some weeds had grown in the field. The corn was gathered, leaving the stalks where they had grown, and the crab-grass, which had dried up in the fall, was left upon the ground.

On March 9, 1904, the fire occurred which burned the trees, and the testimony tends to show that the sparks and cinders from defendant's engine started the fire in the dry grass in the plaintiff's field and not on the right of way of the railway company. The verdict was in favor of the defendant, and the plaintiff complains of the following instruction given by the court on the subject of contributory negligence:

"The defendant in this case claims that if the fire did originate from the defendant's train the plaintiff himself was guilty of contributory negligence, and that by reason of such contributory negligence he cannot recover in this cause. And the contributory negligence of which the defendant alleges and claims the plaintiff to be guilty is that he permitted combustible grass and stalks to grow and accumulate and become dry in very close proximity to the right of way of the defendant company, and that he did not exercise ordinary and reasonable care in protecting his own property from fires that are liable to originate from the ordinary operation of a railroad-train over the plaintiff's farm. Upon that question you are instructed that persons who own property adjoining or near a railroad are bound to take notice of the increased danger to their property from fire, and to exercise a proportionate amount of care to protect it; and if the plaintiff in this case allowed dry grass and weeds and dry corn-stalks to remain on his premises adjoining the defendant's right of way, so that the fire could readily start therein, then I instruct you that this is a circumstance for you to consider as tending to prove contributory negligence on the part of the plaintiff. But the question of contributory negligence, of course, is entirely for the jury to determine, from all the evidence in the case. If you find that the plaintiff was guilty of contributory negligence but for which the fire would not have caught, then he cannot recover in any event."

3—76 KAN.

This instruction is drawn and was given upon the theory that it is the duty of the owner of land adjoining a railroad to keep it free from all combustible material, so that sparks and cinders thrown out by a locomotive will not readily start a fire on his land, and that the failure to do this is such contributory negligence as will bar a recovery for loss resulting from such a fire. The rule of responsibility is not correctly stated, and the instruction was not applicable to the facts of the case. The building of a railroad through the plaintiff's land did not deprive him of any beneficial use to which it is adapted. He can still farm it in the usual and ordinary way, and is not required to abandon any proper use, nor to take special precautions against fire negligently set out by the railway company. Nothing in the testimony indicates that the plaintiff's farming operations were unusual. He cultivated his corn and gathered it from the stalks, as is the custom of the country. After the cultivation of the corn the usual crop of wild grass sprung up, which in the course of time ripened and dried, and this was left where it had grown. It was no more his duty to remove the stalks and dry grass from the field than it would have been to remove the dry grass from an adjacent pasture, meadow, or prairie land in its natural state. The stubble of harvested wheat is easily ignited by fire thrown from a locomotive, but it would hardly be contended that an owner of a wheat-field should abandon wheat growing or be required to remove the stubble from the field because of the risk from fire negligently set out.

In *Ft. S. W. & W. Rly. Co. v. Tubbs,* 47 Kan. 630, 28 Pac. 612, a fire case, it was held that an adjacent owner was entitled to use his land in the ordinary way, and was not chargeable with contributory negligence for the mere failure to take precautions against the negligence of the railway company, and in deciding the case the rule of liability stated by Mr. Chief Justice Agnew, of Pennsylvania, was quoted:

"The conclusion from the case is very clear that a

plaintiff is not responsible for the mere condition of his premises lying along a railroad, but in order to be held for contributory negligence must have done some act or omitted some duty, which is the proximate cause of his injury, concurring with the negligence of the company. Farmers may cultivate, use and possess their farms and improvements in the manner customary among farmers, and are not bound to use unusual means to guard against the negligence of the railroad company; indeed, are not bound to expect that the company will be guilty of negligence." (Page 636. See, also, *Phila. & Reading Railroad Co. v. Schultz*, 93 Pa. St. 341; *Patton v. The St. L. & S. F. Ry. Co.*, 87 Mo. 117, 56 Am. Rep. 446; *Kendrick v. Towle*, 60 Mich. 363, 27 N. W. 567, 1 Am. St. Rep. 526; *Gulf, C. & S. F. Ry. Co. v. Johnson*, 54 Fed. 474, 4 C. C. A. 447; *New York, etc., Railroad Company v. Grossman*, 17 Ind. App. 652, 46 N. E. 546; *C., C., C. & St. L. Ry. Co. v. Stephens*, 173 Ill. 430, 51 N. E. 69; *The Chicago and Erie Railroad Company v. Kern*, 9 Ind. App. 505, 36 N. E. 381; *The Pittsburgh, Cincinnati and St. Louis Railway Company v. Jones*, 86 Ind. 496, 44 Am. Rep. 334; *Strawboard Co. v. C. & A. R. R. Co.*, 177 Ill. 513, 53 N. E. 97; *Kellogg v. The Chicago & Northwestern Railway Company*, 26 Wis. 223, 7 Am. Rep. 69; 2 Thomp. Neg. §2314.)

If the plaintiff used his land for legitimate purposes, and in the manner usually followed by other farmers, he cannot be deprived of redress for injuries resulting from the negligence and wrong of another. Of course, this does not mean that a person can invite and increase peril or needlessly and recklessly put his property in a position of known danger and be free from fault. That is not the usual or reasonable method of farming, and therefore if it were shown that the owner needlessly stacked or stored combustible material unnecessarily close to a railroad, and perhaps if it appeared that he placed or permitted accumulations perilously close to the track, and contrary to the practical and customary method of farming in the country, it would be such evidence of contributory negligence as should be submitted to a jury. A landowner, of course, takes all the risks of losses resulting

from fire where the railroad is operated with due care; but all know that even with the exercise of proper care fire sometimes does escape from locomotives, and hence it is not practical or sensible for any one needlessly to deposit combustible material unnecessarily close to a railroad track. For that reason, probably, it is not a common practice of farmers owning lands adjacent to a railroad to pile up or permit accumulations of material easily ignited unnecessarily close to a railroad and thus enhance the risk of bringing on the destruction of their own property. As has been seen, an owner cannot needlessly thrust his property in the way of danger, nor safely depart from the customary methods employed by others. This view has already been recognized, as well as the rule that after a fire has been started an owner should use reasonable diligence and effort to protect his property from destruction. (*St. Jos. & D. C. Rld. Co. v. Chase,* 11 Kan. 47; *K. P. Rly. Co. v. Brady,* 17 Kan. 380; *C. B. U. P. Rld. Co. v. Hotham,* 22 Kan. 41; *K. C. Ft. S. & G. Rld. Co. v. Owen,* 25 Kan. 419; *Mo. Pac. Rly. Co. v. Kincaid,* 29 Kan. 654; *A. T. & S. F. Rld. Co. v. Ayers,* 56 Kan. 176, 42 Pac. 722; *Railroad Co. v. League,* 71 Kan. 79, 80 Pac. 46.)

Here, however, there was no piling up of dry grass, weeds, or corn-stalks—no accumulation of combustible rubbish unnecessarily close to the track, nor was there any attempt to show that the plaintiff's methods of farming and caring for his fields were not in line with the common usage among the farmers of the country. In the absence of such testimony there was no occasion or excuse for submitting the question of plaintiff's negligence to the jury.

It is equally clear that the instruction to the effect that the mere leaving of stalks and dry grass on the land where they grew should be treated as proof of contributory negligence was not a correct rule.

For the error in charging the jury the judgment is reversed and the cause remanded for a new trial.