## Richmond.

### Richmond and Danville Railroad Co. v. Medley.

#### April 28.

1. A railroad company may be supplied with the best engines and the most approved apparatus for preventing the emission of sparks, and operated by the most skillful engineers; it may do all that skill and science can suggest in the management of its locomotives; and still it may be guilty of gross negligence in allowing the accumulation of dangerously combustible matter along its track, easily to be ignited by its furnaces, and thence communicated to the property of adjacent proprietors.

2. If a railroad company allows the accumulation of inflammable matter upon the line of its track, and it is set on fire by sparks or coals from its engine, and the fire extends to and injures the property of adjacent proprietors, and a jury determines, under all the circumstances, that the railroad company is liable for the injury done by the fire to the property of an adjoining proprietor, they being the proper body to determine the question of negligence, the appellate court will not reverse their judgment unless there is a plain deviation from the evidence, or it is palpable the jury have not drawn a correct inference from the facts.

3. No obligation rests upon the owners of property along the line of a railway to keep it in a condition to be always safe from the fires thrown from passing engines. They are not bound to remove combustible material on their own land in order to obviate the consequences of possible or even probable negligence of the company. And in such cases there cannot be contributory negligence on the part of the owner of the property destroyed.

4. An instruction given on the motion of the defendant, and not objected to by the plaintiff, though erroneous, cannot be objected to in the appellate court; but if the jury, in opposition to the instruction, find a verdict for the plaintiff, and that verdict is correct upon the evidence, the appellate court will not reverse the judgment entered upon it.

This was an action on the case in the circuit court of Halifax county, brought by James Medley against the Richmond and Danville Railroad Company, to recover for

damages done to certain buildings and timber of the plaintiff done by fire, which it was alleged escaped from an engine of the company in its passage through the lands of the plaintiff.

On the trial, after all the evidence had been introduced, the court, on the motion of the defendant, gave an instruction to the jury, which was not excepted to by the plaintiff. (See the instruction *infra.*) And after this instruction was given, on the argument of the case before the jury, the counsel of the plaintiff relied upon the fact that the dry grass which was permitted by the defendant to remain on the land, and which it was contended caught first from the sparks from the engine, was sufficient to charge the defendants; and this was allowed to go to the jury without any instruction on that subject being asked or given.

There was a verdict in favor of the plaintiff for $900, and a motion by the plaintiff to set it aside, on the ground that it was contrary to the evidence. But the court overruled the motion, and rendered a judgment upon the verdict, and the defendant excepted, and obtained a writ of error and *supersedeas* to this court.

The statement of facts showed very conclusively that the engine of the defendant was in good order; that the smoke-stack was of the best known for arresting sparks, and that the engineer was a man of long experience in his profession and of great skill, and very careful and competent to discharge the duties of his position—reliable and faithful.

It appeared further, that on the 13th of March, 1873, immediately after the express train of the defendant had passed a point on the line of its railroad, through the lands of the plaintiff, the dry grass and broom sedge on the borders of the cut through which the train had just passed was seen to be on fire; and as said train passed said point whether sparks escaped from the engine there was a conflict of testimony. That the grass which first caught fire

Richmond and Danville Railroad Co. v. Medley.

was upon the land which had been condemned for the purposes of the railroad, though not used by it; and there was no fence between the condemned land and that of the plaintiff. And the ground where the fire first caught was covered with grass, precisely as the field extending from the line of the railroad to the first piece of wood mentioned was covered.

The statement further showed how the fire was driven by the wind, and the property destroyed, and its value.

The instruction given by the court on the motion of the defendants was as follows:

"Evidence having been introduced tending to show that on the occasion complained of by the plaintiff, the engine used by the defendant was properly constructed, in good order, had the usual apparatus for preventing the escape of sparks, and was managed with care, skill, and diligence by discreet persons, the court instructs the jury, that if they believe from the evidence that the defendant's engine, on the occasion complained of, was properly constructed, in good order, had the most approved and extensively used apparatus for preventing its engine from emiting sparks, likewise in good order, and was being operated in a proper manner, and with reasonable care and skill, it is not responsible for any injuries incidentally resulting to the plaintiff in the reasonable exercise of its right to propel locomotives by steam on its own track, as authorized by its charter, even though they should believe, from the evidence, that the fire complained of did originate from the engine of the defendant."

*H. H. Marshall,* for the appellant.

*H. Edmonds,* for the appellee.

STAPLES, J., delivered the opinion of the court.

Upon the trial of this cause in the court below the defendant, after the conclusion of the evidence, asked for an instruction, which was given by the court. The jury, notwithstanding the instruction, found a verdict for the plaintiff. The defendant submitted a motion for a new trial, which was overruled, and an exception taken. The point relied upon by the defendant is, that the finding of the jury is in direct contravention of the ruling of the court, to which no exception was taken by the adverse party. It will be only necessary to give so much of the instruction here as is sufficient to explain the subject matter of controversy. It declares substantially, if the jury are satisfied that the company at the time of the accident had in use an engine properly constructed and in good order, with the most approved and extensively used apparatus for preventing the emission of sparks, operated with reasonable care and diligence by competent engineers and agents, it is not responsible for any injuries incidentally resulting to the plaintiff from the exercise of the company's right to propel locomotives by steam on its track, even though the fire complained of originated from the engine in question.

This instruction, to the full extent of the proposition involved, is undoubtedly correct and is warranted by the facts proved. It will be perceived, however, it entirely omits one very essential element in its exposition of the duties imposed on the defendant. It makes no reference whatever to the dry grass and other combustible matter on the company's right of way which were ignited by the sparks from its own locomotive, and was the main cause of the fire on the adjoining lands of the plaintiff. A railway company may be supplied with the best engines and the most approved apparatus for preventing the emission of sparks, operated by the most skillful engineers. It may do all that skill and science can suggest in the management of its locomotives, and still it may be guilty of gross neg-

Richmond and Danville Railroad Co. v. Medley.

ligence in allowing the accumulation of dangerous combustible matter along its track, easily to be ignited by its furnaces, and thence communicated to the property of adjacent proprietors. Conceding that a railroad company is relieved of all responsibility for fires unavoidably caused by its locomotives, it does not follow it is exempt from liability for such as are the result of its negligence or mismanagement. The removal of inflammable matter from the line of the railroad track is quite as much a means of preventing fires to adjoining lands as the employment of the most improved and best constructed machinery. Many of the authorities hold that to allow the accumulation of such matter is *per se* negligence, which will render the company responsible if loss ensues. Others hold, and perhaps with better reason, that it is a question for the jury to determine upon all the circumstances of the case. And this was the view taken by this court in *Brighthope Railroad Company* v. *Rogers,* decided at the present term of this court. All the authorities, with a few exceptions, go to that extent, and the liability of the railroad company for this species of negligence is generally conceded.

As has been already seen, this most important element in determining the question of defendant's liability is omitted in the defendant's instruction. The plaintiff not having objected to it, however, cannot be heard to complain in this court that it was given. Still, if the verdict appears to be correct, it cannot be set aside, because it is contrary to any erroneous ruling of the court. Had the verdict been in conformity with the instruction, great difficulty might arise in interfering with it, because a party objecting to an erroneous instruction must do so at the time, otherwise, in general, he will be considered as having waived the objection. But where the verdict is right it will not be set aside because it is in conflict with an erroneous ruling of the court. There is no doubt but that the jury in this

case thought the company guilty of negligence in permitting the dry grass and broom-sedge to remain on its lands, and upon that theory the verdict was rendered. This plainly appears by the second bill of exceptions, in which it is stated that after the defendant's instruction was given, the plaintiff's counsel argued before the jury that the dry grass and broom-sedge which was allowed to remain near the track and which it was argued caught fire from the sparks of the engine, was sufficient to charge the defendant; and this, says the learned judge, "was allowed to go to the jury without any instruction on that subject being asked or given." It would seem from this that no objection was made on the part of the defendant to the line of argument pursued by plaintiff's counsel as being in conflict with the instruction.

The only remaining question to be considered in this connection is, whether the evidence is sufficient to warrant the verdict. It was not directly proved that the dry grass and broom-sedge was set on fire by the sparks from the engine, but no reasonable doubt of the fact can be for a moment entertained, and indeed it does not appear to have been seriously controverted. That this dry grass and broom-sedge was of a highly combustible nature, easily ignited, cannot be seriously questioned. It was permitted to remain on the very borders of the cut, and must have been therefore in close proximity with the mouth of the smoke-stack attached to the passing engine, and was of course liable at any moment to be set on fire by sparks from the locomotive. This might reasonably have been anticipated, and ought to have been anticipated and provided against by the company in the exercise of due diligence. We do not mean to affirm that a railroad company is universally required to remove the dead grass and other inflammable material which may have grown on its right of way, and that its failure to do so renders it responsible in case of

loss to adjacent landholders. We do not mean to say that the failure to do so in this particular case is actionable negligence. Whether it was or not was a question for the jury, in view of all the circumstances.

In *Carrington* v. *Ficklin's Ex'or*, 32 Gratt. 670, this subject was fully discussed by Judge Burks. It was there said that negligence is always a question for the jury when the measure of duty is ordinary and reasonable care. How much care will in a given case relieve a party from the imputation of gross negligence, or what evidence will amount to proof of that charge, is necessarily a question of fact depending upon a great variety of circumstances which the law cannot define. See also Pierce on Railroads, 434; *Pennsylvania Railroad Company* v. *Hope*, 50 Penn. St. R. 373.

In this case the jury, having found negligence on the part of the defendant, this court cannot interfere with the verdict unless there is a plain deviation from the evidence, or it is palpable the jury have not drawn a correct inference from these facts as certified. *Blair & Hoge* v. *Wilson*, 28 Gratt. 165, 174–5.

The next point for consideration is, whether the plaintiff was guilty of contributory negligence in not removing the combustible matter from his own land which was ignited by the fire first started on the defendant's right of way. All that we have on this subject is a line or two in the certificate of facts, in which it is stated that the ground where the fire first caught was covered with grass and broom-sedge precisely as the field extending from the line of the railroad to the first piece of woodland was covered; from which it may be inferred that the plaintiff's land adjacent to the railroad was covered with dry grass and broom-sedge to the same extent as was the defendant's right of way. The point is made that the plaintiff, by his failure to remove the same, directly contributed to the injury which he sustained. It has been long settled, how-

ever, that the doctrine of contributory negligence does not, as a general rule, apply to this class of cases. No obligation rests upon the owners of property along the line of a railway to keep it in a condition to be always safe from the fires thrown from passing engines. They are not bound to remove combustible material on their own land in order to obviate the consequences of possible or even probable negligence of the company. If the proprietor of adjacent lands leaves his property in an exposed condition and it is destroyed by fires from the company's furnaces without fault or negligence on the part of the latter, it may be conceded, for the purposes of the argument, that the owner is without redress; but is he remediless in the event of its destruction by fires resulting from the negligence of the company, either as respects the conduct of its trains or the control and management of its track and right of way? The legislature, in legalizing the use of engines running through the country, scattering fire and cinders on all sides, over lands in the vicinity of the road, certainly did not intend to impose any additional burdens or duties upon the owners of such lands. They are subject only to such risks as are necessarily incidental to the proper and legitimate operation of the road by those having charge of it. Any other rule would impose upon property holders near the line of a railroad the necessity of removing their grain, hay and whatever is of a combustible nature to some distant point, not infrequently of changing the whole course of husbandry—of incurring enormous expenses, and of exercising ceaseless vigilance in order that the company may negligently permit the accumulation of dangerously inflammable matter upon its own lands, liable at any moment to be ignited by fires from its own locomotives. It has been well said that fire is an extremely dangerous element, even when employed for a lawful purpose. The exercise of due care and diligence is imposed upon him who uses it, and

Richmond and Danville Railroad Co. v. Medley.

sets it in motion for his own advantage, and not upon him who is merely passive, confining himself to lawful employment and business in the conduct of his own affairs. There are some few cases holding a contrary doctrine, but the great weight of authority is in conformity with the views here expressed. I refer particularly to an exhaustive discussion of the whole subject by Chief Justice Dixon in *Kellogg* v. *Chicago and Northwestern Railway Co.*, 26 Wis. 223; and also to a very able opinion of Judge Haymond in *Snyder et al.* v. *P. C. & St. L. Railway Co.*, 11 W. Va. 14; see *Salmon* v. *Del. Lack. & West. Railroad Co.*, 38 N. J. 5, and the same case reported in 39 N. J. 299.

The rule may of course be subjected to modifications to be applied to the circumstances of particular cases. It will be sufficient to consider them as they may hereafter arise. There is nothing in the present case to warrant a departure from a doctrine so well supported by authority, and so just and reasonable in itself. I am therefore of opinion that the judgment of the circuit court is right, and must be affirmed.

JUDGMENT AFFIRMED.