| 97 | 477 |
| 99 | 358 |
| 97 | 477 |
| 101 | 438 |
| 97 | 477 |
| 105 | 9 |
| 97 | 477 |
| 110 | 630 |

## Staunton.

KIMBALL & FINK, RECEIVERS v. BORDEN.

SEPTEMBER 27, 1899.

Absent, Keith, P.*

1. RAILROADS—*Spark Arresters—Duty of Company.*—It is incumbent upon a railroad company to avail itself of the best mechanical contrivances and inventions in known practical use for preventing the burning of private property by the escape of sparks and coals from its engines, and when it has done this it has performed its duty in this respect.

2. INSTRUCTIONS—*Read as a Whole—Error in Isolated Expressions.*— While an instruction of the court to the jury should be clearly expressed, and the law clearly and distinctly stated, a verdict will not be set aside because some of the expressions standing alone might be regarded as erroneous or misleading, if the instruction taken as a whole presents the law fairly and correctly and in a manner not likely to mislead the jury.

3. RAILROADS—*Fires—Adjacent Land Owners—Combustible Materials.*— The owners of lands in the vicinity of a railroad are subject only to such risks as are necessarily incident to the proper and legitimate operation of the road by those having charge of it. The accumulation of combustible materials on the lands of the owner, in the orderly conduct of a legitimate business, if legitimate but for the existence of the railroad, is not *per se* negligence, and does not relieve the railroad company from liability for its own negligence.

Error to a judgment of the Circuit Court of Warren county, rendered March 4, 1898, in an action of trespass on the case

---

* NOTE BY REPORTER.—The Reporter is authorized to state that, although Judge Keith was absent when the opinion was delivered, he was present at the hearing of the case, participated in the conference upon it, and was of opinion that the judgment of the Circuit Court should be affirmed in all respects.

wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Affirmed.*

This case has heretofore been before this court, and the opinion then rendered is reported in 95 Va., at page 203. It is an action to recover damages for burning plaintiff's cooper's shop and warehouse and their contents and stock of lumber on his yard, alleged to have been destroyed by the negligence of defendants' agents. The property destroyed was situated on land of the plaintiff immediately adjoining defendants' right of way. The plaintiff charges that the property was set on fire by sparks emitted from defendants' engines which were " old, out of repair, and not supplied with proper spark arresters and other appliances." The facts charged were denied by the defendants, and they further relied on the ground that the plaintiff was guilty of contributory negligence in permitting combustible material to accumulate on his land in proximity to defendants' right of way.

The instructions tendered on the trial, and the rulings of the court thereon, were as follows:

### Plaintiff's Instructions.

" 1. The court instructs the jury that if they believe from the evidence in this case that the fire which caused the consumption of the property of the plaintiff, in the declaration mentioned, was set by the defendants' locomotives, there is a presumption that the defendants were negligent, placing on the railroad company the burden of proving that it had used the best precautions known for confining sparks and cinders."

" 2. The court instructs the jury that if they believe from the evidence that the property of the plaintiff was burned in consequence of the failure of the defendant company to use the best appliances and safeguards, in the nature of ash-pans and

spark arresters on their engines, and such as are generally adopted by and used upon the modern leading railroads in this country, the defendants are liable for any loss occasioned by any such omission."

" 3. The court instructs the jury that if they believe from the evidence that fires have been occasioned along the defendants' road on or about the 28th day of September, 1895, by sparks issuing from the defendants' locomotives, such facts may be considered by the jury for the purpose of determining whether or not there was negligence on the part of the defendants' employees or defects in the defendants' engines, and also for the purpose of showing a negligent habit of the officers and agents of the defendant company."

" 4. The court instructs the jury that it is incumbent upon the railroad company to avail itself of the best mechanical contrivances and inventions in known practical use which are effectual in preventing the burning of private property by the escape of sparks and coals from its engines, and that if they find that the defendant company has failed to do so, it is liable for injury to the plaintiff caused by the failure of said defendant company to use them."

" 5. The jury are further instructed that the measure of the liability of the defendants in this action, if liable at all, according to all the instructions and all the evidence in the case, is to the extent of the proven damages, with interest thereon from the 28th day of September, 1895."

To which instructions the defendants, by their attorney objected, but the court overruled the said objection and gave the said instructions; and the attorney for the defendants moved the court to give the following instructions:

*" Defendants' Instruction No. 1."*

" The court instructs the jury that the defendants are not

liable for damages caused by fire in the use of the railroad in their charge, provided they have used ordinary and proper care to prevent damage by fire."

### " *Defendants' Instruction No. 2.*"

" The court instructs the jury that if they believe from the evidence, that engines used by the defendants in the operation of the Norfolk and Western railroad, at other times, recently, before the time of the injury complained of, set fire to property along the line of the said railroad, such evidence may be considered as tending to prove that the fire which destroyed the plaintiff's property was communicated by an engine of the defendants, and as tending to show a negligent habit on the part of the defendants' agents and employees; yet, if the jury further believe from the evidence that the engine which actually set fire to the said property (if in fact they find such engine did set fire to the said property) was equipped with an approved spark arrester and other approved appliances for the prevention of the escape of fire, and was managed with ordinary care and skill by the defendants, their agents, or employees, then the said loss must be borne by the owner of the said property, and they will find for the defendants."

### " *Defendants' Instruction No. 3.*"

" The court instructs the jury that if they believe from the evidence that the plaintiff constructed near the track of the Norfolk and Western railroad the buildings destroyed by fire, and involved in this case; that the said buildings were of wood; that in them was carried on by the plaintiff the business of a cooper; that it was the duty of the plaintiff to take all reasonable care and precaution to guard against fire from the engines of the railroad, which were equipped with approved spark arresters and other approved appliances for the prevention of fire and

were conducted with ordinary care on the part of the defendants, their agents, or employees; and if they further find from the evidence that the plaintiff permitted shavings, or other dangerous combustible materials to accumulate in or around the said buildings, and that by reason thereof the said fire was communicated by an engine of the character hereinbefore described and managed and constructed as hereinbefore stated, then the plaintiff is not entitled to recover, and they will find for the defendants."

But the court refused to give instruction No. 3 and modified instruction No. 2 as follows:

" The court instructs the jury that if they believe from the evidence that engines used by the defendants in the operation of the Norfolk and Western railroad, at other times, recently, before the time of the injury complained of, set fire to property along the line of the said railroad, such evidence may be considered as tending to prove that the fire which destroyed the plaintiff's property was communicated by an engine of the defendants, and as tending to show a neglectful habit on the part of the defendants' agents and employees; yet if they further believe from the evidence that an engine which actually set fire to the said property (if in fact they believe such engine did set fire to the said property) was equipped with an approved spark arrester and other approved appliances for the prevention of the escape of fire, and was managed with ordinary care and skill by the defendants, their agents, or employees, then the said loss must be borne by the owner of the said property, and they will find for the defendants.

"And by approved spark arresters and other approved appliances the court means the best mechanical contrivances and inventions in known practical use which are effectual in preventing the burning of private property by the escape of sparks and coals from engines."

To which opinion of the court overruling the defendants' objections to the plaintiff's instructions and giving the same, and refusing to give instruction No. 2, as offered by the defendants, and modifying the same as above given, and refusing to give instruction No. 3 offered by the defendants, the defendants by their attorney excepted.

*Marshall McCormick,* for the plaintiffs in error.

*M. L. Walton* and *O'Flaherty & Fulton,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The first error assigned is to the action of the court in permitting testimony to go to the jury showing that sparks were emitted from an engine or engines of the defendants to prove a negligent habit of their employees or agents, and a defective construction of the engines in use, *without showing that such sparks set fire to property along the line of the railroad.* This assignment of error, even if the law be as contended for by the defendants, could not be sustained. It is based upon a mistake of fact. The record clearly shows that the witness, whose testimony was objected to, testified that the sparks referred to did set on fire property along the line of the railroad.

The action of the court in giving plaintiff's instruction No. 4 is assigned as error. It is insisted that this instruction made it the duty of the defendants to provide such spark arresters and mechanical contrivances as would thoroughly or entirely prevent the escape of sparks and coals from the defendants' engines. If that be the meaning of the instruction, it is clearly erroneous, for no such duty is imposed upon a railroad company. It is incumbent upon a railroad company to avail itself of the best mechanical contrivances and inventions in known practical use to prevent the burning of private property by the escape of

sparks and coals from its engines, and when it has done this it has performed its duty in this respect. *Brighthope Railway Co.* v. *Repass,* 76 Va. 443.

The instruction does contain language which, disconnected from what precedes it, furnishes some ground for the criticism of defendants' counsel, but, when the instruction is read and considered as a whole, we do not think that the jury could reasonably have given it the construction contended for by the defendants' counsel, or that they could have been misled by it. The instructions of the court to the jury should be clearly expressed, and the law as to the question in issue clearly and distinctly stated; but where an instruction construed as a whole presents the law to the jury fairly and correctly, in a manner not calculated to mislead them, the fact that some of its expressions standing alone might be regarded as erroneous or misleading furnishes no ground for reversing the judgment.

The assignment of error to the action of the court in amending the defendants' instruction No. 2 must be overruled for like reasons as it, and the last assignment of error, involve the same question.

The refusal of the court to give defendants' instruction No. 3 is assigned as error. By that instruction the court was asked to tell the jury in effect that a land owner who built houses of wood near a railroad in which he conducted the business of a cooper was required to exercise all reasonable care and precaution to guard against fires from engines passing on the railroad, and, if he permitted shavings or other dangerous combustible material to accumulate in and around such buildings, by means of which fire was communicated to them from such engines, there could be no recovery against the railroad company.

The question of contributory negligence in cases of this kind was considered by this court in the case of *Richmond & Danville R. R. Co.* v. *Medley,* 75 Va. 499. In that case it was claimed that the plaintiff was guilty of contributory negligence by fail-

ing to remove dry grass and broom sedge from his land adjoining
the railroad, by means of which the fire was communicated to
the buildings and timber injured. The conclusion reached in
that case was that the doctrine of contributory negligence does
not, as a general rule, apply to this class of cases.

"No obligation," said the court, "rests upon the owners of
property along the line of a railway to keep it in a condition
to be always safe from the fires thrown from passing engines.
They are not bound to remove combustible material on their own
land in order to obviate the consequences of possible or even
probable negligence of the company. If the proprietor of
adjacent lands leaves his property in an exposed condition, and
it is destroyed by fires from the company's furnaces without fault
or negligence on the part of the latter, it may be conceded, for
the purposes of the argument, that the owner is without redress;
but is he remediless in the event of its destruction by fires result-
ing from the negligence of the company, either as respects the
conduct of its trains, or the control and management of its track
and right of way? The Legislature, in legalizing the use of
engines running through the country, scattering fire and cinders
on all sides, over lands in the vicinity of the road, certainly
did not intend to impose any additional burdens or duties upon
the owners of such lands. They are subject only to such risks
as are necessarily incidental to the proper and legitimate opera-
tion of the road by those having charge of it. Any other rule
would impose upon property-holders near the line of a railroad
the necessity of removing their grain, hay, and whatever is of
a combustible nature to some distant point, not infrequently of
changing the whole course of husbandry—of incurring expenses,
and of exercising ceaseless vigilance in order that the company
may negligently permit the accumulation of dangerously in-
flammable matter upon its own lands, liable at any moment to be
ignited by fires from its own locomotives. It has been well said
that fire is an extremely dangerous element, even when employed

for a lawful purpose. The exercise of due care and diligence is imposed upon him who uses it, and sets it in motion for his own advantage, and not upon him who is merely passive, confining himself to lawful employment and business in the conduct of his own affairs."

We have quoted thus largely from the opinion in that case to show that there is no foundation for the contention that the statement of law contained in the rejected instruction is sustained by that decision.

There are some cases which hold that the voluntary and needless accumulation of shavings or other combustible material upon land near the railroad would be deemed evidence of contributory negligence; but, as has been well said by Shearman & Redfield in their work on Negligence, sec. 679 (5th ed.), the entire doctrine of those cases is open to serious question, and certainly no exposure of inflammable materials in the orderly conduct of a legitimate business at a place where, if the railroad did not exist, such materials could thus be used without fault will relieve the company from liability for its own negligence. See *Kellogg* v. *Chicago, &c. Rwy. Co.*, 26 Wis. 223 (7 Am. Rep. 69), where the general question is ably discussed, and the authorities cited; *Vaughan* v. *Taff. Railway Co.*, 3 H. & N. 743; *Same* v. *Same*, 5 H. & N. 679.

But those cases do not hold that the voluntary and needless accumulation of shavings or other combustible material upon land near the railroad is *per se* such negligence as will prevent the plaintiff from recovery It is merely evidence tending to show contributory negligence which should be submitted to the jury. See 2 Shearman & Redfield on Neg., sec. 679; *Murphy* v. *C. & N. R. Co.*, 30 Am. Rep. 721, where that class of cases is cited. Even under those authorities the instruction in question was clearly erroneous, for it does not leave it to the jury to say whether or not upon the whole case the plaintiff was guilty of contributory negligence, but declares that carrying on the busi-

ness of a cooper in wooden buildings erected near the railroad,. and, permitting shavings or other dangerous combustible material to collect around them, is, as a matter of law, such negligence as prevents a recovery. The instruction, in any view of the case, was clearly erroneous.

The remaining question to be considered is whether the court erred in instructing the jury that " the measure of the liability of the defendants in this action, if liable at all, according to all the instructions and all the evidence in the case, is to the extent of the proven damages with interest thereon from the 28th day of September, 1898."

The objection made to the instruction is that it took away from the jury the discretion given them by sec. 3390 of the Code of determining from what period, if at all, their verdict should bear interest.

Upon this question the court is equally divided.

It follows, therefore, from what has been said, that the judgment complained of must be affirmed.

*Affirmed.*