RAILROAD CO. *v.* SHORT.

[(*Jackson.*   April Term, 1903.)

**1. RAILROADS.** Evidence of other fires caused by engines competent, when.

Wherein an action against a railroad company for damages from fire caused by sparks from its locomotives evidence of the setting of other fires by other locomotives is offered, such evidence is competent if it appears that the other locomotives were of similar construction to the one in question. (*Post, p.* 717.)

**2. SAME.** Same. Incompetent and erroneously admitted, when.

But where the evidence of other fires caused by other locomotives shows that such fires occurred a year or more before the fire in question, and it does not appear that the engines alleged to have set out the other fires were of similar construction to those in use by the railroad company at the time of the fire complained of, such evidence is incompetent and its admission constitutes reversible error. (*Post, p.* 716.)

**3. CONTRIBUTORY NEGLIGENCE.** Proper use of property by the owner, not.

There can be no contributory negligence in the proper use by the owner of his own property or land. He is not bound to presume future negligence on the part of the adjoining owners, or to guard against such negligence. (*Post, p.* 718.)

Case cited: L. & N. R. R. Co. v. Lumber Co. (Ala.), 28 South, 438.

**4. SAME.** Same. Case in judgment.

This action was instituted to recover of the railroad company, plaintiff in error, the value of a bale of cotton alleged to have

been ignited and destroyed by sparks from one of the company's engines, while the cotton was stored upon an open platform about fifty feet from the main track of the railroad. It was insisted that placing said cotton in such close proximity to the railroad track was such contributory negligence as barred a recovery.

*Held*:   Plaintiff, owner of the cotton, was not guilty of contributory negligence.

FROM HAYWOOD.

Appeal in error from the Circuit Court of Haywood county.—JOHN R. BOND, Judge.

J. W. E. MOORE, for Railroad Company.

C. S. WALKER, H. J. LIVINGSTON and BYARS & DICKSON, for Short.

MR. JUSTICE NEIL, delivered the opinion of the Court.

This action was brought in the court below to recover the value of a bale of cotton belonging to the defendant in error, alleged to have been ignited and destroyed by sparks from one of the plaintiff in error's engines while the cotton was stored on an open platform near the track.

Numerous errors have been assigned by the plaintiff in error, all of which have been considered and disposed of, but only two of them will be noticed in this opinion.

The first of these arises upon the action of his honor, the circuit judge, in his rulings upon certain testimony offered by the defendant in error concerning other fires than the one which was the occasion of the present suit.

The fire occurred March 13, 1901. There was testimony tending to show that all the engines of plaintiff in error, in 1901, and thereafter, were constructed in the same manner in respect of spark arresters. There was no testimony tending to show a like construction prior to 1901.

The defendant in error, over the objection of plaintiff in error, was allowed to prove the following points, which, for sake of noting the objections, are thus numbered, viz.: (1) By J. L. Livingston, that about one year before the fire in question another fire was set out by one of the plaintiff in error's engines; (2) by the witness Arthur Dulin, that a year or two before the fire in question the plaintiff in error had by one of its engines set out another fire; (3) by Andrew Wells, that it set out a fire by one of its engines nine or ten months after the fire in question; (4) by A. H. Cromwell, that it set out a fire about three months after the date referred to; (5) by the same witness, another fire about five months after; (6) by Arthur Dulin, a fire about nine months afterwards; (7) by the same witness, another fire about ten months afterwards; (8) and by James

Tipton, another fire about six months after the said fire in question.

It is insisted that the testimony was irrelevant.

We are of the opinion that the objections which we have marked 1 and 2, respectively, should have been sustained, and that those which we have marked 3 and 8, inclusive, were properly overruled.

We sustain numbers 1 and 2 because these fires happened so long a time before the fire in question that they do not tend to throw any light upon the inquiry whether the fire was set out by plaintiff in error, or (assuming that the fire in question was set out by the plaintiff in error) they do not throw any light upon the inquiry as to whether plaintiff in error was guilty of negligence in setting out that fire; it not appearing in the testimony that prior to 1901 the engines of plaintiff in error were, in respect of spark arresters, constructed in the same manner in which they were constructed during that year, or a similar manner, and it appearing in the testimony that prior to 1901 (although how far prior is not shown) a different pattern of spark arrester, the Diamond, was in use by plaintiff in error.

We overrule the objections which we have marked 3 and 8 inclusive, because, inasmuch as it appears in the testimony that during the year 1901 and afterwards all of the engines of plaintiff in error were of the same pattern in respect of spark arresters, proof of other fires set out by plaintiff in error, by its engines, does tend to show, if not that the fire in question was set out by plain-

tiff in error, yet that the said plaintiff in error was guilty of negligence in so doing, when the fact is otherwise proven that the fire in question was set out by it.

A great many authorities refer to such testimony as proper, that is, testimony as to other fires, when such fires occurred "at or about" the time of the fire under examination. Some of these authorities say "within a few weeks" before or after; others speak of the time as "during the same summer."

We shall not undertake to examine in detail the authorities upon this subject, nor attempt to reconcile them where they conflict. Had we time for such an inquiry, no really useful purpose could be served by it.

No rule has been established in this State. It does not seem unreasonable, however, to hold that proof of other fires set out by the company's engines of similar construction along its line throws light upon the inquiry as to whether the said company was guilty of negligence in setting out the fire in question, as showing either an improper construction of its engines or a negligent operation of them.

Assuming this to be true, we are unable to see why the time should be confined to "a few weeks" or "the same summer." We do not undertake to fix any definite time, or to announce a hard and fast rule, but we are of the opinion that ten months' time is not too long.

. It is insisted by plaintiff in error that the engine that caused the injury in this case was identified. But the record does not sustain this contention. At most, it

was shown that it was one or the other of two engines that scattered the fire, but which of the two did so the testimony does not show. Hence the rules insisted upon — as to the correctness of which we express no opinion—to the effect that proof of other fires by other engines cannot be allowed where the particular engine is identified, does not apply. *Railroad Company* v. *Richardson,* 91 U. S., 454, 23 L. Ed., 356.

Another assignment of error was filed raising the point that the defendant in error was guilty of contributory negligence in placing his cotton upon an open platform so near to the railroad, 50 feet from the main track, and that for this reason there should have been no recovery. The point arose upon certain testimony offered by the plaintiff in error and excluded by his honor.

The assignment is overruled. There can be no contributory negligence in the proper use by a man of his own land. He is not bound to presume future negligence on the part of the adjoining owners, or to guard against that negligence. *L. & N. R. R. Co.* v. *Marbury Lumber Co.* (Ala.), 28 South., 438, 50 L. R. A., 620, 627, and authorities cited. See, also, *Burke* v. *Railroad,* 7 Heisk., 461, 464, 19 Am. Rep., 618; *Richmond & D. R. Co.* v. *Medley,* 75 Va., 499, 505, 507, 40 Am. Rep., 734; *Cook* v. *Champlain Trans. Co.,* 1 Denio, 91, 99-101; Shearman & Redf., Neg. (4 Ed.), secs. 680, 681; 13 Am. & Eng. Ency. Law (2 Ed.), 480-491.

Railroad v. Short.

But for error committed in respect of matters contained in the previous assignment of error, and for other errors specified in a memorandum filed with the record, the judgment of the court below must be reversed, and the cause remanded for a new trial.