## 𝔑𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## SOUTHERN RAILWAY COMPANY V. PATTERSON.

### February 2, 1906.

1. RAILROADS—*Negligent Fires—Building near Right of Way—Contributory Negligence—Case at Bar.*—The building of a wooden warehouse close to the line of a railroad is not *per se* such negligence as will relieve the railroad company from liability for its destruction by a fire started by its negligence. The owner assumes the increased risk from accidental fires, and cannot by such erection abridge the right of the company in the lawful use of its property, but the company is not exonerated from liability for an injury proximately caused by its own negligence. In the case at bar, which was decided on a demurrer to the evidence, the jury might well have inferred that the fire was set by the negligence of defendant's servants, and it cannot be said, as a matter of law, that the building of the warehouse or the manner of its use was negligence *per se.*

2. CONTRIBUTORY NEGLIGENCE—*Burden of Proof.*—In an action to recover damages for a negligent injury, the burden of showing contributory negligence on the part of the plaintiff rests on the defendant, unless it be disclosed by the plaintiff's own evidence, or may be fairly inferred from all the circumstances.


Error to a judgment of the Circuit Court of Pittsylvania county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.


*Harrison & Leigh,* for the plaintiff in error.

*Watkins & Brock,* and *Geo. T. Rison,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

The object of this action is to recover damages from the plaintiff in error, the defendant in the court below, for the destruction by fire of a wooden warehouse and adjacent buildings, and other property of the plaintiff, the origin of the fire being ascribed to the negligence of the defendant.

The company demurred to the evidence; and the case is before us upon a writ of error to the judgment of the trial court overruling the demurrer and awarding to the plaintiff the damages conditionally assessed by the jury.

The warehouse in question was located upon the land of the plaintiff in the vicinity of one of the defendant's stations, and within a few inches of the right of way, and had been used for years as a depository for storing kerosene oil in barrels. The source of the fire was a red-hot clinker of unusually large size, which the jury would have been justly warranted by the evidence in inferring was withdrawn by the fireman from the fire-box of the engine, and either negligently thrown off the tender by him, or suffered to fall from the foot-board and roll down the embankment to a point from which it communicated fire to the building.

We, therefore, quite agree with the conclusion reached by the learned judge of the Circuit Court, that from the standpoint of a demurrer to the evidence, and in the absence of any explanation or denial by the fireman, the initial negligence of the defendant was clearly established.

But the company denies liability upon the further ground, that even if it be conceded that the fire was primarily caused

by the negligence of its employees, the plaintiff was, nevertheless, guilty of such contributory negligence in locating his warehouse immediately along the company's right of way as to bar a recovery.

The burden of proving contributory negligence rests upon the defendant, unless it be disclosed by the plaintiff's own evidence, or may be fairly inferred from all the circumstances; and (inasmuch as this case does not come within the exception, and there is no evidence to sustain the allegation) the question having been withdrawn from the consideration of the jury by the demurrer to the evidence, it must be resolved in favor of the plaintiff, unless this court shall declare, as matter of law, that the bare location of the warehouse in such proximity to the right of way, or the manner of its use, constituted negligence *per se*.

Such contention would seem to be opposed both by experience and observation, for the warehouse had for years escaped the ordinary dangers incident to passing trains, and it is matter of common knowledge that similar structures, devoted to like purposes, are erected along the route of railroads throughout the country.

It is true that the owner of land, who elects to establish buildings, or place combustible material, near the track of a railroad, assumes the increased risk from accidental fires, and cannot thereby abridge the right of the company in the lawful use of its property. Pierce on Railroads, 436. But that principle is not to be so interpreted or applied as to exonerate a railroad company from liability for an injury proximately caused by its own negligence.

The case of *Chicago & N. W. R. Co.* v. *Simonson* (Ill.), 5 Am. Rep. 155, was cited to maintain the rule, that the owner who suffers combustible material to accumulate upon his land

contiguous to the railroad is guilty of contributory negligence, and cannot recover damages for a fire negligently ignited on the right of way.

That decision is opposed to the great weight of authority on the subject in this country and contravenes the settled doctrine in this jurisdiction. *Ry. Co.* v. *Medley,* 75 Va. 507, 40 Am. Rep., 738; *Kimball* v. *Borden,* 97 Va. 477, 34 S. E. 45; *White* v. *Ry. Co.,* 99 Va. 357, 38 S. E. 180.

In a note to the principal case, numerous authorities are cited to the contrary, and with respect to it the reporter observes: "The latest decision on the subject is that in *Kellogg* v. *Chicago & N. W. Ry. Co.,* 26 Wis 223, 7 Am. Rep. 69, wherein, after a most elaborate and powerful argument, the doctrine of contributory negligence by the adjacent landowner was repudiated."

The ultimate limit to which the doctrine seems to have been carried, in connection with the erection and use of buildings, is that the question of the contributory negligence of the owner ought to be submitted to the jury, upon the facts and circumstances of the particular case, a course which was not followed in this instance. 2 Thompson's Com. on Neg., sec. 2326; *Murphy* v. *Chicago, &c., R. Co.,* 45 Wis. 222, 30 Am. Rep. 721; *Keesee* v. *Ry. Co.,* 30 Iowa 78, 6 Am. Rep. 643.

Upon the whole case, we are of opinion that the judgment is without error, and it must be affirmed.

*Affirmed.*