ILLINOIS CENTRAL RAILROAD COMPANY *v*. A. C. FRY.*

(*Jackson*.    April Term, 1928.)

Opinion filed July 16, 1928.

**RAILROADS.   FIRE.   NEGLIGENCE.   CONTRIBUTORY NEGLI-
GENCE.**

Where it appears that the section men of a railroad company had
been engaged in burning off right of way during a very dry
time, that a fire had caught in an old log in plaintiff's hayfield,
that before leaving the scene they had cleared the grass around
the log and put fresh dirt and water on the log to extinguish the
fire, that the plaintiff had seen the crew burning off the right
of way and after the crew quit work had seen the log burning
anew, but did not go to investigate or take any precautionary
measures whatever to protect his hayfield from the fire, and
on the following day fire broke out and destroyed his hayfield,
plaintiff is guilty of such contributory negligence that he can-
not recover damages.    (Post, p. 378.)

Citing: 11 R. C. L. 976; Parker v. Meadow, 86 Tenn., 181; Norris
v. Railroad (Tenn.), 6 Court of Civil Appeals, 163; Illinois Cen-
tral R. R. Co. v. McKay, 69 Miss., 139; Haverly v. State Line,
etc., R. Co., 135 Pa., 50; Hawley v. Sumpter Valley R. Co.
(Ore.), 12 L. R. A. (N. S.), 526; McCary v. Alabama R. Co.,
62 So. Rep., 18; Ide v. Boston & M. R. Co., 83 Vt., 66; Brunner
v. Railroad (Wis.), 49 L. R. A. (N. S.), 166; Pribonic v. Fulton
(Wis.), 27 A. L. R., 281, and cases cited in annotation following.

---

*Headnote 1.   Railroads, 33 Cyc., p. 1346.

---

FROM OBION.

---

Appeal from the Circuit Court of Obion County.—HON.
R. A. ELKINS, Judge.

FENNER HEATHCOCK, for plaintiff in error.

J. L. FRY, for defendant in error.

MR. JUSTICE McKINNEY, delivered the opinion of the Court.

This case was heard in the trial court upon the following stipulation of facts:

"On Saturday, September 5, 1925, at about 1 o'clock P. M., a section crew of the defendant railroad was engaged in burning off the right of way of defendant adjacent to the farm of the plaintiff, A. C. Fry. After burning off this part of the right of way the crew proceeded to some other work a short distance from this place. However, prior to quitting for the day, the section foreman, J. A. Purcell, came back to this part of the right of way and made an inspection to see that all the fire was out.

"At this time Purcell discovered that the fire had been communicated from the right of way to an old log and two stumps in a field of clover hay of the plaintiff. He therefore cleared the grass from a little way around the stump and put fresh dirt and water on the log and stumps to extinguish the fire. When Purcell and the crew quit work for the day at the usual quitting time, to-wit, 5 P. M., the fire had apparently been extinguished.

"The plaintiff, A. C. Fry, had seen the section crew while it was engaged in burning off the right of way. Toward sundown and after the section crew had quit work for the day, Fry, who was at work in an adjacent field, saw the log and stumps burning anew. Although the log and stumps were in a field of clover hay which was

about ready for cutting, although the season was extremely dry and although the section crew had left the vicinity and had quit work for the day, the plaintiff did not go down into the field to investigate or take any precautionary measures whatsoever to protect his clover hay from the fire hazard.

"Nor did he notify the railroad authorities that the log and stumps were burning.

"On the following day, Sunday, at about 1:30 o'clock P. M., the field of clover hay caught fire, the fire being communicated from the log and stumps. The plaintiff was damaged to the extent of $174 by reason of said fire."

The circuit judge entered a judgment in favor of Fry for $174, and the Railroad Company has appealed and assigned errors.

In 11 R. C. L., 976, it is said:

(1) "Although contributory negligence is not favored as a defense in actions against railroad companies for damages caused by fires, it does not follow that the plaintiff cannot in any case be guilty of such contributory negligence as will bar his right to recover in such an action. On the contrary it is well settled that where the danger is seen by him it is his duty to use all reasonable diligence to avert it and if he fails to do so he must suffer for the consequences of his own neglect. Thus it has often been held that where the owner of property adjoining a railroad right of way, or his agents or servants, has timely notice of the communication of a fire to his property from fires set out on the right of way by sparks from a passing locomotive, it is incumbent upon him to exercise reasonable care and caution to protect his property from damage by fire, if possible; and a failure so

to do, where prompt action might have extinguished the fire or preserved the property from destruction, will be held to be contributory negligence which will defeat an action against the railroad company for negligently setting out the fire.''

The foregoing text is based upon the familiar rule adopted by this court, in *Parker* v. *Meadows,* 86 Tenn., 181, to the effect that the plaintiff must not aggravate damages by inactivity, where reasonable effort and expenditure would prevent or diminish the extent of the injury.

Cases in point are:   *Norris* v. *Railroad* (Tenn.), 6 Court of Civil Appeals, 163; *Illinois Central R. R. Co.* v. *McKay,* 69 Miss., 139; *Haverly* v. *State Line, etc., R. Co.,* 135 Pa., 50; *Hawley* v. *Shumpter Valley R. Co.* (Ore.), 12 L. R. A. (N. S.), 526; *McCary* v. *Alabama R. Co.,* 62 So. Rep., 18; *Ide* v. *Boston & M. R. Co.,* 83 Vt., 66; *Brunner* v. *Railroad* (Wis.), 49 L. R. A. (N. S.), 166; *Pribonic* v. *Fulton* (Wis.), 27 A. L. R., 281, and cases cited in annotation following.

Applying this well-recognized principle of law to the facts stipulated, we are of the opinion that the contributory negligence of Fry bars a recovery.   He saw the log and stumps afire, knew that the season was very dry, had knowledge that the section crew had gone to their homes, and yet took no steps to prevent the damage, and offers no excuse for failing to do so.

It results that the judgment of the circuit court will be reversed, and a judgment entered here dismissing the suit.