NASHVILLE, C. & ST. L. RY. *v.* NANTS *et al.*

*(Nashville,* December Term, 1933.)

Opinion filed December 9, 1933.

(1)

2

H. H. Barr and Walton Whitwell, both of Nashville, and Harry E. Jones, of Dresden, for plaintiff in error.

G. C. Rowlett and J. W. Rankin, both of Martin, and Maiden, McWherter & Gallimore, of Dresden, for defendants in error.

Mr. Justice Chambliss, delivered the opinion of the Court.

Plaintiffs recovered a judgment of $8,000 against the railway for the loss by fire of a warehouse located along the west line of defendant's right of way, in the town of Gleason, alleged to have been fired by sparks from a passing locomotive. The Court of Appeals affirmed and writ of *certiorari* has been granted and argument heard.

The case went to the jury on two counts, charging: (1) Defective construction of the spark arrester and negligent handling of the train, and (2) negligence in failing to keep the right of way clear of inflammable vines and leaves, in which it was alleged the sparks fell, communicating the fire to the building. It is insisted for the railway that there is no material evidence, either of negligence in equipment or operation, or of negligence in

keeping the right of way clear, and also that on the facts developed it was the duty of the trial judge to submit to the jury, either in his charge as delivered, or in response to requests so directed, the question of the contributory negligence of the plaintiffs in failing to keep their property free of the vines and leaves, shown to have been located thereon, along the edge of the right of way, and extending up and along the sides of the building destroyed.

The Court of Appeals found no error in the failure to submit the issue of contributory negligence, applying the general rule that, "There can be no contributory negligence in the *proper use* by a man of his own land" (note italicized words to be hereinafter considered), citing our cases of *Burke* v. *Railroad Co.*, 7 Heisk., 461-464, 19 Am. Rep., 618, and *Louisville & N. Railroad Co.* v. *Short,* 110 Tenn., 718, 77· S. W., 936, and other authorities.

■■ We find little, if any, evidence to sustain a finding of negligence in the construction or operation of the locomotive, and the verdict can fairly be related to the count charging negligence in keeping the right of way clear of inflammable matter. The negligence charged under this head is of the omission rather than the commission class, it not being contended that the defendant negligently placed inflammable matter on the right of way, which would be negligence *per se,* but only that it failed to exercise due care in clearing away a natural growth of vines and leaves. In such a case it seems that the railroad is chargeable only with such care as a reasonably prudent man would be of his own premises exposed to a like hazard. See 51 C. J., 1161, and 33 Cyc., 1340, and cases cited. The issue of negligent liability in this regard was

sharply contested, the theory of the defendant being that the removal of this inflammable matter was a duty of the plaintiffs, rather than of the defendant, in view, particularly, of the fact that it was not located within that portion of the right of way which had been actually appropriated and used for railway purposes, but partly on that portion actually in use by the plaintiffs, to which plaintiffs held title, and which they had the right to use, until demanded by the defendant for railroad purposes; and partly on property of the plaintiffs lying wholly outside of, although adjacent to, the right of way. A question of fact was thus presented which was properly for the jury, and which was submitted to the jury.

A further statement of facts is just here pertinent. From the testimony of plaintiffs themselves it appears that their large frame building, with brick foundation, extended along the west line of the authorized right of way, the eves probably reaching over the line, and along the east of this building and between it and the railroad track, plaintiffs maintained and frequently used a driveway for its vehicles, and had done so for a number of years; that an old telegraph pole stood between this driveway and the building, which at its base was perhaps eight inches from the foundation line of the building, and missed the eaves above only by leaning, as it ascended, out from the building. The fire was discovered in matted vines and leaves which ascended this pole from the ground and fastened themselves to the walls of the building, extending over and along these walls northwardly. There is proof that the railroad employees habitually cleared inflammable matter from the used portion of the railroad right of way, but did not go west of the drive-

way with this clearing. It further appears that such danger as existed as a result of growth of these vines and leaves up the pole and on the walls of this frame building was as apparent to plaintiffs as to the railroad—that, in fact, plaintiffs had observed and well knew of these menacing conditions.

Now, conceding that it was for the jury to say whether or not, on these facts, thus briefly stated, an obligation rested on the railroad to clear this growth west of plaintiffs' driveway, which they neglected to perform, should not the question of contributory negligence on the part of the plaintiffs have been also submitted to the jury under a proper charge? It can hardly be denied that negligence on the part of these plaintiffs in safeguarding their property by taking steps to reduce this obvious fire hazard appears. The holding of the Court of Appeals rests, not on a denial of this proposition of fact, so much as upon the application of the general rule of law above quoted, thus laid down in 11 R. C. L., pp. 973, 974, also quoted by the learned Court of Appeals:

"The weight of authority is that persons owning lands adjoining the railroad right of way are not chargeable with contributory negligence in the use of their lands and are not bound to anticipate further negligence on the part of the railroad company and to guard against the same."

With this statement of the general rule there can be no disagreement, but it has been erroneously assumed that the owners of property on lands abutting a railroad right of way, destroyed by sparks from a locomotive, are in no case chargeable with contributory negligence.

 This defense is generally available in all common-law actions. It was so declared in *Railroad* v. *Pugh*, 97

Tenn., 627, 37 S. W., 555. In 20 R. C. L., p. 99, par. 87, it is said that: "At common law there can be no recovery for injuries when it appears that the person injured was guilty of contributory negligence, or, in other words, where the injury was the result of the united, mutual, concurring and contemporaneous negligence of the parties to the transaction." And 45 C. J., 940, cites many authorities to support this text, under the heading, General Duty of Plaintiff: "The duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger, or threatened danger. A person is required to make reasonable use of his faculties of sight, hearing and intelligence to discover danger and conditions of danger to which he is or might become exposed."

But conceding these axiomatic statements of a general rule, it is said, as already noted, that owners of lands adjoining railroads form an excepted class, exempt from responsibility for contributory negligence, when seeking recovery for loss by fire from sparks.

██ ██ It will be observed that this is a common-law action. It is not taken out of the general common-law rule above noted either by (1) any statutory provisions, or under (2) the doctrine of strict liability for damages otherwise applied to railroads throwing out sparks because of defective equipment or negligent operation. By analogy to the rule excusing contributory negligence when gross negligence of a defendant is shown, the railroad may not, according to some holdings, rely on contributory negligence of an adjacent landowner in such cases. The negligence of the railroad as to which it sought in this case to apply contributory negligence is not of this character, the theory being that, even though the locomotive was prop-

erly constructed and operated, sparks escaped, and the fire resulted from alleged negligence only in clearing the right of way.

In *Peter* v. *Chicago & West Mich. R. Co.*, 121 Mich., page 324, 80 N. W., 295, 296, 46 L. R. A., 224, 80 Am. St. Rep., 500, after remarking that the authorities bearing directly upon the subject of contributory negligence of an adjacent landowner are not numerous, "but, as we read them, they are harmonious," the court says:

"The question of the effect of plaintiff's contributory negligence has arisen in three classes of cases: First, where the liability of defendant rests upon the common law; second, where the liability of the company for fire set out by its locomotives is made absolute by statute; and, third, where, as in this state, such liability is limited by the statute itself. In the first class of cases, the contributory negligence is a defense; in the second class, the liability of the company is absolute, and the contributory negligence of the plaintiff is not a defense. Elliott, R. R., section 1238. This case falls within the third class."

It is worthy of note that while the majority of the court in that case rejected contributory negligence as a defense on the ground indicated, that is, the statutory limitations, while conceding its applicability to common-law actions, two members of the court dissented and strongly maintained that despite the statute this defense was nevertheless available when negligence on the part of the landowner in the use of his property appeared.

Limitations in application of this exemption are clearly indicated in the language above quoted from the opinion of the Court of Appeals, in turn taken from the opinion in our case of *Louisville & N. R. Co.* v. *Short*, 110

Tenn., 718, 77 S. W., 936, 937, when proper emphasis is put on the words italicized. It reads: "There can be no contributory negligence in the *proper use* by a man of his own land. He is not bound to presume *future* negligence on the part of the adjoining owners, or to guard against that negligence." In the Short Case the landowner had placed cotton on a platform built for that purpose. Like principles governed *Burke* v. *Railroad Co.*, 7 Heisk., 485, 19 Am. Rep., 618, where the landowner had built a house within thirty yards of the right of way. It, therefore, appears that contributory negligence was held barred as a defense only in cases of (1.) *proper use* by the owner of his land, and (2) of *future* negligence, with which, under a principle generally recognized, one may not be charged as a basis for the defense of contributory negligence.

"Use" is defined as "the act of using; employment, as of a means or material, for a purpose. Application to an end, particularly a good or useful end; as the use of steam in navigation." Standard Dict.

The destruction of the building in the instant case did not result from plaintiffs' *proper use* of their property. The combustible vines, etc., which they permitted to accumulate on it had no relation to its use. The menace created by this neglectful conduct was certainly no part of its "proper use."

In the course of a strongly reasoned opinion in *St. Louis C. W. R. Co.* v. *Arey* (1915), 107 Tex., 366, 179 S. W., 860, 861 L. R. A., 1916B, 1065, Supreme Court, sustaining the submission to the jury of the question of contributory negligence of the landower, PHILLIPS, C. J., says: "It is not a question of the lawful use by an owner of his premises. It is a question of his negligent use of them, and the legal consequence of such use when it is di-

rectly responsible, in whole or in part, for injury to the owner's property.'' (This was a case of alleged contributory negligence in leaving open windows in a barn along a railroad track, with inflammable matter thus exposed to sparks.) And the opinion proceeds: ''If others, in the lawful use of their property, are required to exercise ordinary care to prevent its negligent injury or destruction, what is there in the situation of an owner or lessee of premises like these that creates for him a different rule? It clearly does not lie in the fact that his use of the premises is lawful. Nor does it rest in the maxim that no one is bound to anticipate another's negligence; for that is a principle of general application. No other ground for the distinction is advanced in the authorities which affirm the proposition. It is not believed that any other can be urged; and neither ground, in our opinion, is sound.''

In 45 C. J., 945, the ''Rule with respect to use of one's own property'' is thus stated: ''While it has been held that one who fails to take precautions which he might have taken to protect his property from injury resulting from the negligence of another, the danger from which he was fully aware, is guilty of contributory negligence, it is generally held that the rule which requires one to exercise ordinary care to protect himself from the results of the negligence of others is subject to the exception that, as a person is entitled to use his premises for any lawful purpose, his failure to protect them from the negligence of another will not be contributory negligence. But a man has no right to invite peril, or run into danger, even on his own property.''

In a note to *Walker* v. *Chicago, R. I. & P. R. Co.* (76 Kan., 32, 90 P., 772, 123 Am. St. Rep., 119, 13 Ann. Cas.,

1204), reported in 12 L. R. A. (N. S.), 624, many cases are reviewed dealing with the duty of abutting owners to prevent accumulation of combustible material near a railway right of way, the weight of the holdings being that the question of contributory negligence is one for the jury in common-law actions, when not controlled by elements of proper use only, or the principle of future or anticipated negligence.

It has been seen that in both the Short and Burke Cases, this state, above cited, not only was the landowner making *proper use* only of his land, but when they made this use the negligence of the railroad had not been exhibited, and it was accordingly said that the owner was not required to anticipate or ''presume'' and guard against ''future negligence.''

In the instant case, the alleged negligence of the railway was existent and apparent. After the negligence is apparent, and is seen, one may neither fail to exercise ordinary care against contributing to the injury, nor negligently aggravate the damages. See *Illinois Cent. R. Co.* v. *Fry,* 157 Tenn., 376, 8 S. W. (2d), 363.

In both the Short and Burke Cases, the railroad had failed to show freedom from negligence in construction and operation of the locomotives, something that plaintiffs could not be held to foresee, or anticipate. Here the inflammable vines and leaves were in plain view and had been observed by plaintiffs long before the fire. Neither of these decisions are, therefore, controlling here. As above stated, in both of them proper use only was being made of their property and in neither had the negligence of the defendant railroad which brought about the injury become apparent. We find no reported case on all fours on its facts with those here presented, but

the principles governing our cases of *Louisville & N. R. Co.* v. *Short* and *Burke* v. *R. Co.*, appear to have been generally followed in all those cases to which we have had access from other jurisdictions rejecting the defense of contributory negligence in railroad spark fire suits.

In *Leroy Fibre Co.* v. *Chicago, M. & St. P. R. Co.*, 232 U. S., 340, 34 S. Ct., 415, 58 L. Ed., 631, relied on for plaintiffs here, in which a majority of the court rejected submission to the jury of the question of contributory negligence, it appeared (1) that the sparks were emitted through negligent operation of the train, and that (2) "a proper use" only of plaintiff's land was involved. This case is, therefore, not in conflict with the views we express.

We approve the general rule that an adjoining landowner may make any *proper use* of his property, free from the obligation of anticipating and guarding against *future* negligence on the part of the railroad in operation of its trains, but we hold that this rule has no application where an adjoining owner, with knowledge of negligently maintained menacing conditions on the railway right of way, himself is guilty of identical, mutual, concurring, and contemporaneous negligence.

Criticism is made of the form of the requests for submission to the jury of this question of contributory negligence, but we think these requests sufficiently stated the issue. Moreover, it is apparent that it was not because of the form of the requests that they were objected to or refused, but because of denial by the trial court of the applicability of this defense altogether to this class of cases.

Since the case must go back for submission of this question to the jury, we find it unnecessary to discuss

other questions made under the assignments of error. The submission of the question of the contributory negligence of the landowners to the jury will include the disputed issue as to upon whom rested the duty of clearing away this inflammable material accumulated between the driveway and the building of plaintiffs, as well as whether or not plaintiffs were guilty of contributory negligence in failing to remove the vines and leaves from their own building.

The judgment of the Court of Appeals is reversed, and the case remanded for further proceedings in accordance with this opinion.